**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Robert Lee RUSSELL, Jr.,**
**Defendant–Appellant.**

**No. 92–3519.**

United States Court of Appeals,
Seventh Circuit.

Argued April 15, 1993.

Decided Aug. 5, 1993.

Rehearing and Suggestion for Rehearing En Banc Denied Sept. 15, 1993.

Cheryl B. Schacht, Asst. U.S. Atty., Madison, WI (argued), for U.S.

Stephen Hurley (argued), Daniel J. Schlichting, Hurley, Burish & Milliken, Madison, WI, for Robert L. Russell, Jr.

Before CUMMINGS and MANION, Circuit Judges, and RONEY, Senior Circuit Judge.*

RONEY, Senior Circuit Judge.

This appeal challenges the defendant's 20–year sentence as a career offender based on the district court's finding that his two prior felony convictions were separate and "unrelated cases" within the meaning of § 4A1.2(a)(2) (Nov. 1991) of the federal sentencing guidelines. That section provides that prior convictions are "related," and thus cannot be counted separately for career offender purposes, if they were consolidated for trial or sentencing.

■ We affirm the district court holding that although the two prior sentences which resulted from a plea agreement were imposed at the same time under circumstances that had many characteristics of a consolidated sentencing, they may nevertheless be counted separately because there was neither an order consolidating the two indictments for trial or sentencing, nor was there the equivalent judicial consideration that would result in a consolidated sentencing.

The sentencing guidelines provide for enhanced punishment as a career offender of a defendant with "two prior felony convictions."[1] The prior convictions that can be used for this purpose are those that carry "sentences" that are counted separately when adding points to compute a defendant's criminal history.[2] Section 4A1.2 is the section that provides that sentences can be counted separately for prior criminal history purposes only if they are imposed in unrelated cases. Application Note 3 to that guideline states in pertinent part that "prior sentences are considered related if they resulted from offenses that (1) occurred on the same occasion, (2) were part of a single common

scheme or plan, or (3) were consolidated for trial or sentencing."[3]

There is no question but that this conviction and the prior convictions were all factually separate crimes and do not meet the first two criteria for related sentences. In the instant case, defendant Robert Lee Russell pled guilty to the April 1992 armed robbery of the First Federal Savings of LaCrosse in Hudson, Wisconsin. The prior convictions occurred over ten years earlier: the February 2, 1981 armed robbery of the Midwest Federal Savings & Loan Association in St. Paul, Minnesota and the February 23 armed robbery of the Twin City Federal Savings & Loan Association in Fridley, Minnesota, both charged in one indictment and treated here as one of the two prior felony convictions; and the June 2, 1981 armed robbery of the Summit State Bank in St. Paul, Minnesota, treated as the second. The prior cases were not consolidated for trial, the convictions having resulted from guilty pleas. The sole question on this appeal is whether the prior offenses were consolidated for sentencing.

Since there was no court order consolidating the sentencing, it is the sentencing procedure which raises the issue as to whether the cases are related so that they cannot be treated separately to get the two prior convictions necessary to satisfy the career offender requirements of U.S.S.G. § 4B1.1. The commentary clearly requires that the convictions cannot be considered separate if they were consolidated for sentencing. If they count as only one prior felony conviction, the defendant's guideline range would be 110–137 months and he could not have been given the 20–year sentence as a career offender.

■ Our prior decisions have accepted reluctantly the binding effect of the commentary to the guidelines concerning this provision about "related cases" for enhancement purposes. In *United States v. Elmendorf,* 945 F.2d 989, 997–98 (7th Cir.1991), *cert.*

---

\* The Honorable Paul H. Roney, Senior Circuit Judge of the Eleventh Circuit, is sitting by designation.

1. U.S.S.G. § 4B1.1.

2. U.S.S.G. §§ 4B1.2 and 4A1.1.

3. U.S.S.G. § 4A1.2, comment. (n. 3).

*denied*, — U.S. ——, 112 S.Ct. 990, 117 L.Ed.2d 151 (1992), we agreed with the Ninth Circuit decision in *United States v. Gross*, 897 F.2d 414, 416–17 (9th Cir.1990), that the application notes of the guidelines are not binding law and refused to treat as related six convictions which produced a single sentence. *See also United States v. Pinto*, 875 F.2d 143, 144 (7th Cir.1989). In 1992, however, we held that the November 1, 1991 amendments to the text and the notes of the guidelines make it clear that prior sentences which are consolidated for sentencing must be treated as related for the purpose of calculating a defendant's criminal history. *United States v. Woods*, 976 F.2d 1096, 1100 (7th Cir.1992).[4]

The sentence in the instant case was imposed on October 6, 1992, the same date as the *Woods* decision, however, so that, following the then-existing law of this circuit, the district court made an alternative holding that even if the offenses were consolidated for sentencing, the application note to guideline § 4A1.2 was advisory and not binding and the cases were unrelated, citing *United States v. Brown*, 962 F.2d 560 (7th Cir.1992). It is clear that the district court's alternative holding is not now valid, especially in view of the recent Supreme Court decision in *Stinson v. United States*, — U.S. ——, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993), which holds that the notes to the guidelines are as binding as if fully set forth therein.

The concerns expressed by this court in *Woods* about "such a broad definition of relatedness," 976 F.2d at 1100, are nevertheless reflected in the current commentary that permits an underrepresentation to be cured by an upward departure.[5] There was no upward departure in this case, however, and if we were to find that the sentences should be treated as related, we would have to remand the case to the district court to consider the propriety of an upward departure.

The controlling effect of the commentary does not answer the question of when sentences should be deemed to have been "consolidated" for sentencing for career criminal purposes.

This circuit has never determined whether a formal order of consolidation is necessary, as argued by the Government, in order to trigger the effect of the commentary. In dictum in *Woods*, we suggested that a specific order of consolidation may be necessary to mandate a finding of consolidation: "We also note that simply because a defendant is sentenced in two separate cases on the same day to concurrent sentences does not, absent a specific order of consolidation, mandate a finding that the cases were consolidated." 976 F.2d at 1102 n. 6.

The procedure followed by the district court had many of the earmarks of consolidated sentencing. One indictment was for two bank robberies committed by Russell in February 1981, and the other was for a bank robbery by Russell and his brother in June. Both indictments were returned by the same grand jury at the same time. The cases, which had separate docket numbers, were assigned to the same judge and identical bonds were set. The charges proceeded together through arraignment, motions, motion hearing, plea agreement, plea hearing, sentence hearing, and subsequent sentence modification. All three offenses, charged in the two indictments, were the subject of Russell's plea agreement. Russell received 15–year concurrent sentences for each of the three offenses, in separate orders, but one order referring to the separate cases by number modified the sentences to ten years on each count.

The district court in this case, in holding that the two indictments were not consolidated for sentencing, noted that the offenses were not related and that one indictment named only Russell while the other named both Russell and his brother, who was not

---

**4.** The Ninth Circuit overruled its decision in *Gross* in *United States v. Anderson*, 942 F.2d 606, 614 n. 5 (9th Cir.1991).

**5.** The court should be aware that there may be instances in which this definition [of relatedness] is overly broad and will result in a criminal

history score that underrepresents the seriousness of the defendant's criminal history and the danger that he presents to the public.... In such circumstances, an upward departure may be warranted. U.S.S.G. § 4A1.2, comment. (n. 3).

present when the trial judge took the plea. "At sentencing scheduled for the convenience of the Court there was no order for consolidation or request therefor. Separate offenses, separate indictments, concurrent sentences, separate minute sheets, separate judgments and convictions do not suggest consolidation." The judge expressed serious doubts that the cases would have been consolidated if a request had been made:

> You have the rights of another defendant who would, I suppose, have some grave difficulties without the plea agreement first being accepted in writing to go along with a case in which his brother was involved, an irrelated case.... It is just not fathomable that a lawyer representing that defendant unrepresented in these proceedings would have ever agreed to any such consolidation.

There is some authority to guide our decision in this case. In the *Woods* dictum concerning a specific order of consolidation, the Court cited *United States v. Rivers,* 929 F.2d 136, 141 (4th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 431, 116 L.Ed.2d 451 (1991), and *United States v. Garcia,* 962 F.2d 479, 483 (5th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 293, 121 L.Ed.2d 217 (1992). *Rivers* reversed a district court's determination that a partially concurrent sentence for two prior convictions was the functional equivalent of consolidation. In *Garcia,* the Fifth Circuit held that two prior convictions in a state court would not be treated as consolidated when there was no formal consolidation under the Texas procedure which provides that the state can move for consolidation. As in this case, there were many facts in *Garcia* that favored a finding of consolidation:

> [T]he two indictments had consecutive numbers and were filed on the same day; the same attorney was appointed to represent Garcia in both cases and submitted one statement for both representations; the clerk scheduled the two cases in the same court for the same date and time; the plea agreements for the two cases refer to each other; and the ten year sentences for each conviction run concurrently.

962 F.2d at 482. Nevertheless, the court determined that the evidence did not establish that the state cases were consolidated for trial or sentencing: "The state did not move to consolidate the cases; and the state court treated the two convictions separately, entering separate sentences, judgments and plea agreements." *Id.* at 483. Several other circuits have held that cases are not consolidated simply because the defendant received concurrent sentences, *United States v. Lewchuk,* 958 F.2d 246, 247 (8th Cir.1992), even when entered by the same court on the same day. *United States v. Coleman,* 964 F.2d 564, 566 (6th Cir.1992); *United States v. Lopez,* 961 F.2d 384, 386–87 (2d Cir.1992); *United States v. Villarreal,* 960 F.2d 117, 121 (10th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 166, 121 L.Ed.2d 114 (1992); *United States v. Smith,* 905 F.2d 1296, 1303 (9th Cir.1990); *United States v. Jones,* 899 F.2d 1097, 1101 (11th Cir.), *cert. denied,* 498 U.S. 906, 111 S.Ct. 275, 112 L.Ed.2d 230 (1990); *United States v. Metcalf,* 898 F.2d 43, 46 (5th Cir.1990).

In this case, although both indictments were the subject of a single plea agreement, which was considered and accepted by the Minnesota district court, there was no showing that there was a request in the plea agreement that the cases be consolidated for sentencing purposes. The cases were continually treated as separate except for the various court proceedings being held at the same time before the same judge. An affidavit from Russell's counsel on those cases stated that the plea was in return for a negotiated concession in the disposition of the defendant's brother's case, and in return for a promise of concurrent treatment in sentencing. Of course, it would not take a consolidated sentencing to provide for the separate sentences to run concurrently.

The defendant argues that a bright line rule requiring a formal order of consolidation would present practical difficulties because of the different state procedures for consolidation of offenses, which might vary even further at a local level, and because of the different local consolidation rules extant in the federal district courts. Indeed, at oral argument both counsel reflected that there is

no rule in the Federal Rules of Criminal Procedure governing consolidation for sentencing, only rules such as Rule 13 concerning consolidation for trial. Neither counsel could give us any local rule applicable in the Minnesota district court that would provide for a formal order of consolidation of Russell's sentencing. It is not suggested, however, that the district court and most trial courts would not have the inherent authority to order consolidation of cases for sentencing if that were determined to be appropriate under the circumstances.

Even so, it would seem that the purpose of the guideline would best be implemented by requiring either a formal order of consolidation or a record that shows the sentencing court considered the cases sufficiently related for consolidation and effectively entered one sentence for the multiple convictions. The Ninth Circuit in *United States v. Chapnick*, 963 F.2d 224 (9th Cir.1992), so interpreted a state record in treating two prior burglaries as having been consolidated for sentencing, finding that

> the state judge imposed identical concurrent sentences because the burglaries were related enough to justify treating them as one crime. However, in any event we must assume that the state court believed the ends of justice required the burglary cases to be consolidated for sentencing. The basis for this evident belief is for the state court, not us, to determine.

*Id.* at 228–29. The court noted that the district court believed the defendant's two-week, two-burglary spree was essentially the single result of a serious drug dependency problem. *See also United States v. Bachiero*, 969 F.2d 733 (9th Cir.1992). In other words, there must be a judicial determination by the sentencing judge that the cases are to be consolidated, treated as one, for sentencing purposes. Consolidation should not occur by accident through the happenstance of the scheduling of a court hearing or the kind of papers filed in the case or the administrative handling of the case.

Russell's prior sentences were imposed before the effective date of the federal sentencing guidelines. The guidelines now provide for special treatment in sentencing for multiple counts of conviction. "This Part provides rules for determining a single offense level that encompasses all the counts of which the defendant is convicted." U.S.S.G. Ch. 3, Pt. D, intro. comment. If the record should show that the sentencing court gave some kind of consolidated effect in the sentencing on different charges, such as that provided under the multiple count section of the federal guidelines, there might well be a sufficient showing that the court had made a decision that the cases should be consolidated and a single sentencing proceeding would be appropriate, even though there was no formal order of consolidation.

There is no such showing here. There is nothing in the record to indicate that the district court considered or made a determination that the cases were so related that they should be consolidated for sentencing purposes because one overall sentence would be appropriate for the three crimes, or that, except for the concurrent provision, the sentence for one conviction was somehow affected by the conduct under the other charge. At each hearing the two indictments were treated as separate cases, and there is nothing to show that the sentence for any charge would have been different if the cases had been heard on different days before different judges at entirely separate sentencing hearings.

Without something in the record to show there was a judicial decision that the prior cases were so related as to justify consolidation for the purpose of the sentence, the district court did not err in treating the two separate indictments as "unrelated" for career offender purposes.

We have intentionally not discussed the standard of review for a case such as this, because it is not necessary to this decision. This Court has not yet articulated the proper standard of review of the application of a sentencing guideline provision to undisputed facts. *United States v. Woods*, 976 F.2d 1096, 1099 (7th Cir.1992) ("[W]e defer that decision for another day, because here Woods states that the clearly erroneous standard is proper."). The standard of review would not control this decision, however, because the district court's decision would be

affirmed under any standard. It is better to await a case in which the point would be decisive to make a holding in this regard. *See United States v. Brown*, 962 F.2d 560, 565 (7th Cir.1992).

AFFIRMED.