42 F.3d 1391
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Michael MAYFIELD, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-2914.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 2, 1994*
Decided Dec. 9, 1994.
 
 Before PELL, COFFEY and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Michael Mayfield pleaded guilty to drug offenses and the use of a firearm during a drug trafficking offense, and was sentenced to a term of 110 months. No direct appeal was taken from this case. Mayfield now seeks relief pursuant to 28 U.S.C. Sec. 2255 arguing the sentencing court erred in computing his criminal history score and his counsel was ineffective for failing to
 
 
 2
 notice this error. Only the most extraordinary case in which there is a complete miscarriage of justice warrants the use of Sec. 2255 to redress a violation of the Guidelines. Scott v. U.S., 997 F.2d 340, 341-42 (7th Cir.1993). Mayfield does not present such a case, therefore his claim is not cognizable under Sec. 2255. Id.
 
 
 3
 Even if Mayfield's claim was cognizable, it is without merit. The sentencing court awarded nine criminal history points for three separate felony convictions in the State of California which occurred at different occasions separated by independent arrests. Mayfield argues that these convictions were consolidated when the sentencing court for the third conviction revoked parole for the prior two convictions. See U.S.S.G. Sec. 4A1.1(f) (related offenses). However, when a defendant is sentenced for an offense and at the same time sentence is imposed after revocation of probation for a different offense, those sentences are not considered consolidated. U.S. v. Palmer, 946 F.2d 97, 99 (9th Cir.1991); U.S. v. Jones, 898 F.2d 1461, 1463-64 (10th Cir.1990), cert. denied, 498 U.S. 838 (1990); see also U.S. v. Russell, 2 F.3d 200, 201-204 (7th Cir.1993) (to find consolidated cases, there must be a formal order of consolidation or a record demonstrating the cases were sufficiently related for consolidation); U.S. v. Elmendorf, 945 F.2d 989 (7th Cir.1991), cert. denied, 112 S.Ct. 990 (1990).
 
 
 4
 Mayfield also asserts that he was denied effective assistance of counsel because his attorney did not challenge the criminal history points and failed to advise him of the right to appeal. Because the sentencing court did not err in computing Mayfield's criminal history score, there can be no fault by Mayfield's counsel for failing to allege such an error.
 
 
 5
 To succeed on his claim for ineffective assistance of counsel on appeal, Mayfield does not have to show that he would have prevailed had an appeal been taken, only that his counsel abandoned him by refusing to initiate or prosecute the appeal. See Castellanos v. U.S., 26 F.3d 717 (7th Cir.1994). However, Mayfield's claim fails because he does not allege that his attorney refused his request to appeal, or that the sentencing court did not advise him of his right to appeal as mandated by Rule 32(a)(2). Id. at 719.
 
 
 6
 Affirmed.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record