**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Timothy E. STALBAUM, Defendant–Appellant.**

No. 94–2878.

United States Court of Appeals, Seventh Circuit.

Argued April 21, 1995.

Decided Aug. 10, 1995.

Cheryl B. Schacht, Asst. U.S. Atty., Steven O'Connor (argued), Office of the U.S. Atty., Madison, WI, for plaintiff-appellee.

Todd Bennett (argued), Portage, WI, for defendant-appellant.

Before BAUER, CUDAHY, and MANION, Circuit Judges.

BAUER, Circuit Judge.

On February 9, 1994, Timothy Stalbaum walked away from the federal prison camp in Oxford, Wisconsin. He did so despite the below-zero temperature and without any apparent idea as to how he would obtain shelter. Not surprisingly, Stalbaum was quickly recaptured in a wooded area not far from the prison camp huddling to stave off the cold. He was indicted for escape from a prison camp, in violation of 18 U.S.C. § 751(a). Stalbaum pled guilty and was sentenced to an additional twenty-four months in the penitentiary. He appeals two aspects of his sentence.

First, Stalbaum complains that three of his previous convictions for misdemeanors in Wisconsin were improperly considered separately for sentencing purposes. He argues that had the district judge considered these convictions as one in calculating his criminal history, the range for sentencing Stalbaum would have been eighteen to twenty-four months rather than twenty-four to thirty months.

Stalbaum was sentenced for the three crimes in question at the same hearing. The product of that hearing, a document entitled "JUDGEMENT OF CONVICTION," indicates that Stalbaum pled guilty to the three crimes in question, which were listed as petty misdemeanor theft, committed on November 23, 1987, another petty misdemeanor theft, committed on December 3, 1987, and possession of marijuana, committed on December 31, 1987. Even though listed on one sheet, each crime retained its own docket number. Stalbaum was sentenced in that proceeding to three separate but concurrent sentences of thirty days in jail and three years probation. There was no formal order of consolidation issued with respect to these three crimes.

As we have alluded, the federal sentencing guidelines direct that a defendant's sentence depends in part on the number of his prior convictions. "Prior sentences imposed in unrelated cases are to be counted separately. Prior sentences imposed in related cases are to be treated as one sentence...." United States Sentencing Commission, *Guidelines Manual*, § 4A1.2(a)(2). Application note three to that section, entitled *Related Cases,*

states that cases are related if they "were consolidated for trial or sentencing." The issue here is whether Stalbaum's prior misdemeanor convictions were consolidated for sentencing.

We pause here to note the difficulty we encounter in applying this provision and its "application note." It demands that we look to the procedures of individual states, which of course vary widely, but fails to offer so much as a hint as to what criteria we are to employ to determine whether cases were consolidated for trial or sentencing. Federal courts are essentially asked to guess the import of a particular procedure without a coherent framework to guide judgment. As we shall see, Stalbaum's case illustrates this difficulty all too clearly.

 Stalbaum bears the burden of proving that the cases were indeed consolidated for sentencing. *See, e.g., United States v. Joseph,* 50 F.3d 401, 405 (7th Cir.1995). He has not automatically failed to carry his burden, as the government argues, simply because there was no formal order of consolidation with respect to his three misdemeanors. We rejected that argument outright in *Joseph,* 50 F.3d at 403, and noted that the absence is merely probative rather than conclusive. But Stalbaum cannot prevail simply because he was sentenced on the same day; this may well generate an inference that the cases were consolidated, but there is an equally likely inference that he was sentenced for all three cases at the same time for the sake of administrative convenience. *Id.* at 403–04. What we require in the absence of a formal order of consolidation, is a showing on the record of the sentencing hearing that the sentencing judge considered the cases sufficiently related for consolidation and effectively entered one sentence for the multiple convictions. *United States v. Russell,* 2 F.3d 200, 204 (7th Cir.1993). This is a showing Stalbaum cannot make.

 There is only one judgment of conviction with respect to Stalbaum's three misdemeanors. As we pointed out, however, each case retained its own docket number, and Stalbaum received a separate, albeit concurrent, sentence for each crime. On the face of the judgment of conviction, it appears that Stalbaum was sentenced for these three crimes on the same day for convenience. Further, there is no reason to believe that these cases should be consolidated or even to believe them related. They were two petty thefts committed ten days apart and one possession charge.

In the face of this, Stalbaum argues that he received an enhanced sentence for each misdemeanor because he was sentenced at the same time. He claims that this demonstrates that the sentencing judge consciously consolidated his cases for sentencing. This is not enough to meet his burden.

It is true that Stalbaum received an additional year of probation for each crime because the sentences were pronounced at the same time, pursuant to Wis.Stat. § 973.09(2). But there is nothing in the application of this statute that indicates anything with respect to the relatedness of the cases. The statute simply states that a judge may sentence a defendant to an additional year of probation if that judge sentences a defendant for between two and four misdemeanors inclusive. It applies to all sentences pronounced at the same time whether the cases were taken together because they were related or for administrative convenience. It certainly is not triggered by any finding of relatedness.

 Under Wisconsin law, cases are deemed consolidated if multiple cases are "merged" into one. *State v. Rachwal,* 159 Wis.2d 494, 465 N.W.2d 490, 498 (1991) (quoting *Allen v. McRae,* 122 Wis. 246, 100 N.W. 12 (1904)). The result of consolidation is that the initial "actions were superseded by another, and were thus terminated as independent and separate actions. After such consolidation there is but one suit between all the parties included in the order of consolidation, which upon trial must result in one finding and one judgement." *Id.* (citations omitted). That is not what happened in Stalbaum's cases; the sentencing judge retained each case's docket number and assessed a separate sentence for each case. If he had considered them consolidated (and wanted them to appear that way on the record), he would have assigned one docket number for this sentencing hearing and as-

sessed to Stalbaum one sentence. The sentencing judge did not do this and we conclude that he did not intend to consolidate Stalbaum's cases.

 Stalbaum's second and final argument is that the district judge erred when he denied Stalbaum a four-level reduction in his base offense level pursuant to § 2P1.1(b)(3) of the Sentencing Guidelines. That section requires a reduction in sentencing for escapes from non-secure "community corrections centers, community treatment centers or halfway houses" or "similar" facilities. There is nothing in the section itself or in the application notes that further defines these terms or gives any examples of what constitutes a "similar facility" for purposes of this section. Stalbaum, naturally, claims that the Oxford Prison Camp is such a similar facility. We cannot agree.

We are in an increasing minority of circuits that have not yet addressed this issue. Six other circuits have addressed it and concluded that federal prison camps are not similar to "community corrections centers, community treatment centers or halfway houses." *United States v. McCullough*, 53 F.3d 164 (6th Cir.1995); *United States v. Cisneros–Garcia*, 14 F.3d 41 (10th Cir.1994); *United States v. Hillstrom*, 988 F.2d 448 (3d Cir.1993) (the defendant escaped from a non-secure federal prison camp, and the court remanded for further consideration to determine whether the facility is similar to a community corrections center), *on remand*, 837 F.Supp. 1324 (M.D.Pa.1993) (determining on remand that the facility is not similar to a community-based corrections institution), *aff'd without opinion*, 37 F.3d 1490 (3rd Cir. 1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 1382, 131 L.Ed.2d 236 (1995); *United States v. Tapia*, 981 F.2d 1194 (11th Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 2979, 125 L.Ed.2d 676 (1993); *United States v. Shaw*, 979 F.2d 41 (5th Cir.1992); *United States v. Brownlee*, 970 F.2d 764 (10th Cir.1992); *United States v. McGann*, 960 F.2d 846 (9th Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 276, 121 L.Ed.2d 204 (1992). No circuit has held to the contrary.

Stalbaum claims that Oxford is similar without offering any reason supporting his position. We, however, find the opinions and reasoning of other circuits that have considered the matter much more persuasive. We therefore join them in holding that a federal prison camp is not similar to the community institutions referenced in § 2P1.1(b)(3).

For the foregoing reasons, Stalbaum's sentence is AFFIRMED.