98 F.3d 1344
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carl A. LAMPE, Defendant-Appellant.
 No. 95-1946.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 27, 1996.
Decided Oct. 1, 1996.
 
 Before CUDAHY, RIPPLE and MANION, Circuit Judges.
 
 ORDER
 
 1
 This order assumes familiarity with our earlier order of March 12, 1996. New counsel has since been appointed to represent Lampe, and she has filed a brief carefully addressing the question posed in that order. After reviewing the state court records, she, too, has filed an Anders brief. We notified Lampe of counsel's motion, and Lampe has responded.
 
 
 2
 In our previous order, we directed counsel to address a single question: whether Lampe's three 1975 convictions constituted "related cases" under U.S.S.G. § 4A1.2(a)(2) for purposes of calculating his criminal history category. That section provides that "[p]rior sentences imposed in unrelated cases are to be counted separately," while "[p]rior sentences in related cases are to be treated as one sentence." According to the commentary, earlier sentences are related "if they resulted from offenses that ... were consolidated for trial or sentencing." U.S.S.G. § 4A1 .2, comment. (n. 3). If Lampe's sentences had been treated as a single sentence rather than as three separate sentences, his criminal history would have totaled five rather than eleven points, see § 4A1.1; he would have been placed in a criminal history category of III rather than V; and his sentencing range would have been set at 63-78 rather than 92 to 115 months. The Anders brief prepared by Assistant Public Defender Kavanaugh never addressed the applicability of § 4A1.2(a)(2). Further, because the original record on appeal did not include copies of the judgments entered for Lampe's Illinois convictions, the panel could not determine whether the case had been consolidated for sentencing, or merely sentenced on the same day out of convenience.
 
 
 3
 Lampe's newly-appointed counsel has now supplemented the record with the transcript of Lampe's plea/sentencing hearing covering the three 1975 cases, along with separate sentencing orders for each of the three convictions. These records do not contain any order consolidating the cases for sentencing. As counsel points out, however, a formal consolidation order is not necessary for Lampe to prove that the cases were consolidated for sentencing. Lampe can also show relatedness through "functional consolidation." United States v. Joseph, 50 F.3d 401, 405 (7th Cir.), cert. denied, 116 S.Ct. 139 (1995); United States v. Russell, 2 F.3d 200, 202 (7th Cir.1993). "What we require in the absence of a formal order of consolidation, is a showing on the record of the sentencing hearing that the sentencing judge considered the cases sufficiently related for consolidation and effectively entered one sentence for the multiple convictions." United States v. Stalbaum, 63 F.3d 537, 539 (7th Cir.1995). In other words, the record must reflect that the sentencing judge decided that one overall sentence would be "appropriate" for the three crimes such as where "the sentence for one conviction was somehow affected by the conduct under the other charge." Russell, 2 F.3d at 204. In Russell, the defendant failed to make this showing despite the presence of several factors arguably favoring consolidation (e.g., consecutively numbered indictments, one plea agreement for all the offenses, concurrent sentences). Id.
 
 
 4
 Furthermore, a defendant cannot prevail on a consolidation argument merely because he was sentenced in state court on the same day. Stalbaum, 63 F.3d at 539. In Stalbaum, this court found no consolidation where same-day sentencing was imposed for multiple convictions each retaining their own docket numbers and each with a separate, albeit concurrent, sentence. Id. (noting that if the sentencing judge had considered the cases consolidated, he would have assigned one docket number for the sentencing hearing and he would have assigned one sentence to the defendant). A reasonable inference exists that same-day sentencing may be imposed for administrative convenience. See id. In addition, when a significant period of time exists between offenses, it is reasonable to infer that the sentencing judge did not consider the cases consolidated. Joseph, 50 F.3d at 404 (finding cases not related in absence of a consolidation order where they occurred months apart and record failed to show sentencing judge considered the cases consolidated).
 
 
 5
 Although Lampe was sentenced for the three 1975 cases by the same judge at the same time, the record fails to show that the state court sentencing judge considered Lampe's prior offenses consolidated. Moreover, the following factors all operate against consolidation: there was no consolidation order; each offense retained its separate docket number; three separate sentences were imposed; three separate fines and court costs were assessed; and a significant period of time existed between the first two offenses and the third. The district court did not err in treating Lampe's 1975 sentences as unrelated for purposes of § 4A1.2(a)(2).
 
 
 6
 We turn next to a claim that Lampe raised for the first time in a letter to counsel dated April 9, 1996--namely, that he was not competent to plead guilty before the district court, and, consequently, the court should have ordered a competency hearing. Although this allegation was beyond the scope of our order of March 12, 1996, counsel has addressed this issue as part of her Anders brief.
 
 
 7
 As an initial matter, Lampe waived this claim when he failed to raise it at his sentencing hearing. See, e.g., Doe v. United States, 51 F.3d 693, 698 n. 4 (7th Cir.), cert. denied, 116 S.Ct. 205 (1995). Nevertheless, a waived objection to the voluntariness of a guilty plea could be reviewed for plain error. See id.
 
 
 8
 A review of the transcript of the change of plea hearing demonstrates that the district court conducted a thorough and careful plea hearing. Judge Stiehl questioned Lampe about his mental and emotional health (Tr. of Plea Hearing of 11/28/94, at 4), his substance abuse problems (id. at 5-6), any medications he may have recently taken (id. at 6), and Lampe's ability to make a knowing and competent plea (id. at 8). At the hearing, Assistant Public Defender Kavanaugh assured the court that he had reviewed Lampe's medical history, discussed it with Lampe, and considered with Lampe the possibility of using a diminished capacity defense. Judge Stiehl then addressed Lampe:
 
 
 9
 I simply want to be sure that you understand the process, that you know what we're doing here, that you're proposing to enter a plea of guilty to two charges of bank robbery. I want to be certain that you understand all of those consequences of that plea. I am satisfied from the answers you have given me thus far and from our discussions that you are competent to enter a plea, that you are competent to come here and plea guilty.
 
 
 10
 (Id. at 7-8.) The plea hearing transcript shows that Lampe made a knowing and voluntary plea and that any competency hearing was therefore unwarranted.
 
 
 11
 Finally, we note that Lampe, in his response to counsel's Anders brief, argues for the first time that Judge Stiehl should have recused himself sua sponte because of his stock ownership in one of the banks that Lampe robbed. Lampe asserts that the judge's stock ownership constituted a "financial interest in the subject matter in controversy," requiring recusal under 28 U.S.C. § 455(b)(4). That subsection provides that a judge shall disqualify himself if "[h]e knows that he ... has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding." Financial interest is defined as "ownership of a legal or equitable interest, however small...." 28 U.S.C. § 455(d)(4).
 
 
 12
 Judge Stiehl disclosed his interest in the bank stock at the beginning of Lampe's plea hearing. The following exchange took place:
 
 
 13
 THE COURT: I want to advise you that I have noted from the charge here that ... one of the counts charges you with a robbery of Magna Bank in Cahokia. I want to inform you that I have a few shares of stock in Magna Group, the owner of the bank.... [R]estitution could be ordered, that you would be required to pay back whatever it is that you took from that bank.... I want to advise you of the ... financial interest I have in Magna Group. I don't think anything I ever do in this Court is going to affect the status of that interest, but that is beside the point. I want you to be aware of it and I want to ask you if that causes you any unease. If you tell me that, I will recuse myself and send this case to a different judge to hear. On the other hand, if it doesn't give you any great--if it doesn't bother you, then I will take it that you are waiving any possible--apparent possible conflict on my part, so if you want to talk to Mr. Kavanaugh about it for a few moments, that would be fine. Then I want to know what you decision is.
 
 
 14
 LAMPE: We already discussed it, Your Honor. I feel that I am sure you are capable of separating the two issues and I'll waive it at this time.
 
 
 15
 ((Tr. of Change of Plea Hearing of 11/28/94, at 2-3.)[1] The court subsequently sentenced Lampe to 92 months' imprisonment for bank robbery, but did not order him to pay restitution.
 
 
 16
 Lampe never presented his § 455(b) claim to the district court. Although we have not previously addressed what standard of review should apply to a § 455(b) claim that is raised for the first time on appeal, several other circuits have adopted a "plain error" or similarly heightened standard of review. See, e.g., Baldwin Hardware Corp. v. Franksu Enter. Corp., 78 F.3d 550, 557 (Fed.Cir.), petition for cert. filed, 65 U.S.L.W. 3166 (U.S. Aug. 20, 1996) (No. 96-287); United States v. York, 888 F.2d 1050, 1056 (5th Cir.1989); United States v. Schreiber, 599 F.2d 534, 536 (3rd Cir.), cert. denied, 444 U.S. 843 (1979). Lampe's claim does not pass such heightened scrutiny. Lampe has not referred us to statements in the record or other evidence to suggest that Judge Stiehl's ownership of a "few" shares of Magna Group stock constituted anything but a peripheral and inconsequential interest in this case. See Hook v. McDade, 89 F.3d 350, 356 (7th Cir.1996). Indeed, in a similar case involving a prosecution for bank robbery, the Fourth Circuit held that the trial judge did not abuse his discretion in refusing to disqualify himself based on his owning a financial interest in the bank which was robbed. United States v. Sellers, 566 F.2d 884 (4th Cir.1977). The court found no reason to doubt the judge's impartiality; the bank was not a party to the case, and any interest the judge may possibly have had in the case was "so remote as to be for all practical purposes non-existent." Id. at 887. See also United States v. Nobel, 696 F.2d 231, 234-35 (3rd Cir.1982) (judge's financial interest as a stockholder in corporate victim of crime was not a "financial interest in the subject matter in controversy" for purposes of § 455(b)(4)), cert. denied, 462 U.S. 1118 (1983).
 
 
 17
 Because counsel has engaged in a thorough search of the record, and because there are no meritorious issues for appeal, we GRANT counsel's motion to withdraw and DISMISS the appeal.
 
 
 
 [1]
 Although Lampe told the district court that he would waive any conflict of interest, 28 U.S.C. § 455(e) prohibits a judge from accepting a waiver of disqualification based on any of the specific grounds set forth in § 455(b)
 It might be contended that Lampe's disqualification claim is untimely, being raised for the first time on appeal more than a year after the plea hearing. However, whether § 455(b) challenges must be made in timely fashion is unsettled in this circuit, though dicta in our recent cases suggests that some degree of timeliness is required. See Edgar v. K.L., --- F.3d ----, No. 96-2641, 1996 WL 405386, at * 1 (7th Cir. July 18, 1996); see also Schurz Communications, Inc. v. Federal Communications Comm'n, 982 F.2d 1057, 1060 (7th Cir.1992) (Posner, J.) ("Litigants cannot take the heads-I-win-tails-you-lose position of waiting to see whether they win and if they lose moving to disqualify a judge who voted against them."). In light of our disposition in this case, we need not address the implications of Lampe's lack of timeliness.