134 F.3d 374
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
United States of America, Plaintiff-Appellee,
v.
Anthony R. HUGHES, Defendant-Appellant.
 No. 96-3386.
 United States Court of Appeals, Seventh Circuit.
 Argued Jan. 27, 1998.
Decided Feb. 4, 1998.
 
 Before Hon. JESSE E. ESCHBACH, Hon. JOHN L. COFFEY, Hon. FRANK H. EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Anthony Hughes pleaded not guilty to a three-count indictment charging him with three separate bank robberies. A jury found Hughes guilty on all counts, and the district court sentenced him to a term of 240 months' imprisonment after finding him a "career offender" pursuant to U.S.S.G. § 4B1.1. Hughes appeals the district court's application of the career offender provision of the Sentencing Guidelines, as well as the court's finding that he fell within criminal history category VI of the Sentencing Guidelines. We affirm.
 
 
 2
 At his sentencing hearing conducted on July 19, 1996, Hughes objected to the inclusion of two prior convictions within the criminal history portion of the presentence report on grounds that the offenses actually were committed by other persons using his name. The district court adjourned the hearing to afford the government an opportunity to gather proof showing that Hughes had committed the two prior offenses. When the sentencing hearing reconvened, the government presented evidence that Hughes was indeed the perpetrator of the two crimes. Although Hughes continued to deny his responsibility for the crimes, the trial court concluded that all of the offenses listed in the presentence report were committed by Hughes and that he properly was chargeable as a "career offender" under U.S.S.G. § 4B1.1.
 
 
 3
 Hughes argues that the district court erroneously sentenced him as a career offender because the two 1981 offenses were "related," and thus count as only one prior conviction. Hughes supports his claim by arguing that the two offenses occurred only a day apart, involved the same accomplice, and were not separated by an intervening arrest; that he was arrested for both offenses on the same day; and that the district court functionally consolidated the sentences (notwithstanding the lack of a formal sentencing order) by imposing, on the same day, "identical" concurrent sentences. Hughes failed to argue relatedness before the district court, however, and thus our review of this matter is limited to plain error. United States v. Goudy, 78 F.3d 309, 315 (7th Cir.1996). Under the plain error standard, this court will reverse only those errors that " 'seriously affect the fairness, integrity, or public reputation of the judicial proceedings." ' United States v. Olano, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (quoting United States v. Young, 470 U.S. 1, 15, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985)); United States v. Bauer, 129 F.3d 962, 964 (7th Cir.1997).
 
 
 4
 The Sentencing Guidelines provide that a defendant is a "career offender" if (1) he was over the age of eighteen at the time of the instant offense; (2) he is convicted of the instant offense, which is a felony involving either a crime of violence or a controlled substance offense; and (3) he has at least two prior convictions involving either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1. Since career offender status hinges, in part, on the existence of two prior convictions, a central inquiry is whether prior convictions were "related," because "[r]elated sentences are treated as only one conviction. Sentences are considered related if they were consolidated for trial or sentencing, unless separated by an 'intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense)." ' United States v. Coleman, 38 F.3d 856, 859-60 (7th Cir.1994) (quoting U.S.S.G. § 4A1.2 Application Note 3); cf. United States v. Hudspeth, 42 F.3d 1015, 1019-22 (7th Cir.1994) (discussing relatedness within the context of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), and concluding that offenses are unrelated when they are distinct criminal episodes separated by the opportunity to desist from illegal activity).
 
 
 5
 Hughes bears the burden of proving that the two 1981 offenses were consolidated for sentencing. United States v. Stalbaum, 63 F.3d 537, 539 (7th Cir.1995). Although Hughes can meet this burden even in the absence of a formal consolidation order, United States v. Joseph, 50 F.3d 401, 404 (7th Cir.1995), he "cannot prevail simply because he was sentenced on the same day." Stalbaum, 63 F.3d at 539. This is so because while same-day sentencing may create an inference that the sentences were consolidated, there is an equally probable inference that sentencing took place at the same time for administrative convenience. Id. Thus, in the absence of a formal consolidation order, this court requires "a showing on the record of the sentencing hearing that the sentencing judge considered the cases sufficiently related for consolidation and effectively entered one sentence for the multiple convictions." Id.; United States v. Russell, 2 F.3d 200, 204 (7th Cir.1993).
 
 
 6
 Hughes fails to meet his burden of proof. There is no trace of a sentencing record demonstrating that the sentencing judge considered the cases related and entered one sentence for the two offenses. To the contrary, even though sentences of equal length were meted out, the offenses retained separate docket numbers and involved slightly different crimes and punishments. If the sentencing judge considered the cases consolidated, he would have assigned a single docket number for sentencing and assessed one sentence. Stalbaum, 63 F.3d at 539; United States v. Sexton, 2 F.3d 218, 219 (7th Cir.1993). Because Hughes failed to meet his burden of proof, there can be no finding of plain error.
 
 
 7
 Hughes tentatively argued in his written submissions to this court, although not orally, that his convictions are related because they were part of a single common scheme or plan (see U.S.S.G. § 4A1.2, Application Note 3). However, the facts of each offense support the opposite conclusion. Not only did the crimes occur on different days, but they also involved different victims residing in different homes. See Dvorak, 115 F.3d at 1347 (determining whether offenses were related is a fact-specific inquiry involving a consideration of such factors as the temporal and geographical proximity of the two offenses and common victims). See also United States v. Bomski, 125 F.3d 1115, 1119 (7th Cir.1997) (where crimes were committed on different occasions, were not part of a single scheme, and led to distinct sentences, there is no reason to believe that same-day sentencing occurred for any reason other than convenience); Hudspeth, 42 F.3d at 1021 (prior crimes were unrelated under the Armed Career Criminal Act where they involved three separate victims, three separate locations, and occurred over a period of thirty minutes).
 
 
 8
 Hughes also argues that because the district court incorrectly considered his 1981 convictions as unrelated, he was categorized improperly as a career offender and assigned a criminal history category of VI. This argument is meritless, however, because the district court correctly determined that Hughes is a career offender and properly sentenced him under this provision of the Sentencing Guidelines.
 
 
 9
 Finally, Hughes contends that his trial counsel rendered ineffective assistance of counsel by failing to investigate his case or to object to the presentence report. We will not address this argument, however, because it was raised for the first time in Hughes's reply brief and this court has stated repeatedly that an appellant may not "circumvent the adversarial process by raising new arguments in reply." Parrillo v. Commercial Union Ins. Co., 85 F.3d 1245, 1250 (7th Cir.1996); United States v. Sertich, 95 F.3d 520, 526 (7th Cir.1996), cert. denied, 519 U.S. 1113, 117 S.Ct. 952, 136 L.Ed.2d 840 (1997).
 
 
 10
 For the foregoing reasons, the judgment of the district court is AFFIRMED.