UNITED STATES of America,
Plaintiff–Appellee,

v.

Lamar BURKS, Defendant–Appellant.

No. 01–3313.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 29, 2002.

Decided Feb. 11, 2002.

Before COFFEY, KANNE, and WILLIAMS, Circuit Judges.

**ORDER**

Lamar Burks appeals from the district court's imposition of concurrent 46–month prison terms after he pleaded guilty to bank fraud, 18 U.S.C. § 1344, and using another person's social security number with intent to commit a crime, *id.* § 1028(a)(7). Burks argues that the district court erred in computing his criminal history by failing to treat two of his prior state convictions as having been consolidated for sentencing pursuant to U.S.S.G. § 4A1.2(a)(2) and Application Note 3. We affirm.

In early 2001 Burks was charged in a six-count indictment with bank fraud (counts 1–3), possession of a counterfeit check (count 4), interstate transportation of a counterfeit check (count 5), and use of another person's social security number with intent to commit a state felony (count 6). Burks pleaded guilty to counts 1 and 6 in May 2001 pursuant to a written plea agreement, and the remaining counts were dismissed. At sentencing the district court determined that Burks' criminal history category was VI and his total offense level was 14, resulting in an imprisonment range of 37–46 months. The court sentenced Burks at the top of that range.

In determining Burks' criminal history, the district court assigned points to each of two cases in which Burks pleaded guilty and was sentenced in Illinois state court on July 27, 1999. These offenses had been charged in two separate, but consecutively numbered, cases in the Circuit Court of Cook County. In one case, docket number 99 CR 3758 ("No. 3758"), Burks was charged with using a false name to purchase an automobile from O'Connor Ford on December 1, 1997. In the second case, docket number 99 CR 3759 ("No. 3759"),

Burks was charged with using the same false name to try to buy an automobile from Watson Chevrolet on February 4, 1998. Although these cases were never formally consolidated, Burks pleaded guilty to both and was sentenced to concurrent 4-year sentences by the same judge on the same day. The district court determined that these cases were "unrelated cases" as defined in U.S.S.G. § 4A1.2(a)(2) and counted them separately in determining Burks' criminal history score.

Burks raises only one issue on appeal: whether the district court erroneously determined that his two 1999 convictions were unrelated. Burks asserts that, had the district court treated the two cases as related, his criminal history category would have been V, rather than VI, and his imprisonment range would have been 33–41 months instead of 37–46. We review the application of § 4A1.2 for clear error. *United States v. Best*, 250 F.3d 1084, 1094–95 (7th Cir.), *cert. denied*, —— U.S. ——, 122 S.Ct. 279, 151 L.Ed.2d 205 (2001); *see also Buford v. United States*, 532 U.S. 59, 121 S.Ct. 1276, 1281, 149 L.Ed.2d 197 (2001).

Under § 4A1.2, the guideline concerning the computation of a defendant's criminal history category, "[p]rior sentences imposed in unrelated cases are to be counted separately," and "[p]rior sentences imposed in related cases are to be treated as one sentence." U.S.S.G. § 4A1.2(a)(2). Application Note 3 to § 4A1.2 defines when prior sentences are "related": if the underlying offenses were not separated by an intervening arrest, prior sentences are considered related when the offenses (A) occurred on the same occasion, (B) were part of a common scheme or plan, or (C) were consolidated for trial or sentencing. Burks does not argue that Nos. 3758 and 3759 occurred on the same occasion or were part of a common plan; rather, he

argues solely that these 1999 offenses are related because they were consolidated for sentencing.

It is undisputed that there was no formal order of consolidation for Nos. 3758 and 3759. That does not preclude a finding of consolidation, however, because we employ the doctrine of "functional consolidation." *See Buford*, 121 S.Ct. at 1278. Prior offenses thus may be deemed consolidated, even if no formal order of consolidation was entered by the trial court, when they "are factually or logically related, and sentencing was joint." *Best*, 250 F.3d at 1095 (quotation omitted). But the fact that a defendant was sentenced for multiple offenses on the same day does not alone establish consolidation. *Id.* Rather, we require a showing in the record of the sentencing hearing that the sentencing judge considered the offenses sufficiently related for consolidation and in effect entered one sentence for the multiple convictions. *United States v. Stalbaum*, 63 F.3d 537, 539 (7th Cir.1995); *United States v. Russell*, 2 F.3d 200, 204 (7th Cir.1993). Burks bears the burden of showing that the two offenses were consolidated for sentencing. *Stalbaum*, 63 F.3d at 539.

The district court did not commit clear error by finding that Nos. 3758 and 3759 were not consolidated and, thus, "unrelated." Ample evidence indicates that the offenses were separate and unrelated even though they were handled by the same judge on the same day. While Burks engaged in similar conduct in both offenses, the crimes occurred two months apart and there is no evidence that they were part of an organized plan or were otherwise factually or logically related. Moreover, in addition to no formal consolidation order, the indictments for each crime were brought under separate case numbers, and the dockets in each case were kept separately. Although a common plea conference and

sentencing hearing were held for both cases, Burks received separate (although concurrent) sentences for each offense and separate judgments of conviction and orders of detention were entered for each offense. Burks also signed separate jury waivers for each offense, as well as separate waivers of a presentence investigation. We have found under similar circumstances that defendants' prior offenses had not been consolidated for trial or sentencing pursuant to Application Note 3. *See Best,* 250 F.3d at 1095 (offenses not related where crimes occurred on separate occasions, indictments were filed under different docket numbers that were retained for sentencing purposes, and court entered separate judgment and sentence for each docket number); *United States v. Bomski,* 125 F.3d 1115, 1119 (7th Cir.1997) (offenses not related where crimes occurred on different days and led to distinct judgments and sentences). The district court accordingly did not clearly err in determining that Nos. 3758 and 3759 had not been consolidated.

The government argues that we should abandon the "functional consolidation" test and adopt the position of the First and Fourth Circuits that offenses will be considered consolidated for trial or sentencing only if a formal order of consolidation is entered by the trial court. As the government admits, however, it did not make this argument before the district court, and has accordingly waived it. *Massey v. Helman,* 196 F.3d 727, 734 n. 4 (7th Cir.1999), *cert. denied,* 532 U.S. 1065, 121 S.Ct. 2214, 150 L.Ed.2d 208 (2001). In any event, we find the government's position unpersuasive. The government argues that the functional consolidation test is "unduly cumbersome and time-consuming," and that requiring a formal order of consolidation would simpli-

fy matters by providing "unambiguous direction" to district judges regarding when a finding of relatedness is appropriate. But we have previously rejected similar arguments, *see United States v. Joseph,* 50 F.3d 401, 403–04 (7th Cir.1995), and the Supreme Court discussed the application of the functional consolidation doctrine with apparent approval in *Buford,* 121 S.Ct at 1280. We see no reason why our previous analysis of the issue is incorrect, and we decline the government's invitation to abandon the functional consolidation doctrine.

AFFIRMED