**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Paul Edward NEELY, Defendant–**
**Appellant.**

**No. 01–3678.**

United States Court of Appeals,
Seventh Circuit.

Argued April 25, 2002.

Decided Oct. 16, 2002.

Before CUDAHY, RIPPLE, and ROVNER, Circuit Judges.

ORDER

In July 2001, Paul Neely pleaded guilty to one count of possession of crack cocaine, in violation of 21 U.S.C. § 844, and was sentenced to 125 months' imprisonment. On appeal Neely contends that the district court erred in calculating his guideline imprisonment range. The court, relying on information in the presentence investigation report, assessed four points for conduct Neely committed in March 1995, two points each for what the report characterized as *two* Minnesota juvenile sentences for attempted robbery and assault. *See* U.S.S.G. § 4A1.2(d)(2)(A). At sentencing Neely argued that he should have been assessed only two points because these purported sentences were "related" and therefore should have been treated as one sentence when computing his criminal his-

tory. *See* U.S.S.G. § 4A1.2(a)(2), comment. (n.3). Neely theorized that the robbery and assault were "related" because the proceedings had been consolidated for sentencing, *see id.*, but although he bore the burden to establish consolidation, *see United States v. Stalbaum*, 63 F.3d 537, 539 (7th Cir.1995), he never produced a transcript of the corresponding sentencing proceedings.

Nevertheless, on our own motion we obtained the transcript of the March 28, 1995, juvenile court proceedings, which presented us with a possibility never addressed by the parties in their briefs or at argument: that the district court erred in assessing Neely four points for *two* juvenile sentences because the juvenile court had before it, not separate cases for robbery and assault, but instead a single delinquency proceeding premised on both the robbery and assault. Our own reading indicates that the court entered a *single adjudication of delinquency* and imposed a *single sentence* of sixteen months' confinement at the Hennepin County Home School, and we ordered the parties to submit supplemental briefs to address this possible interpretation. Because the government concedes that the transcript supports resentencing based on this single adjudication of delinquency, rather than two separate sentences for robbery and assault, we vacate Neely's sentence and remand to the district court for resentencing consistent with this order. On remand the district court shall assess just two criminal history points for Neely's juvenile delinquency adjudication.

VACATED and REMANDED.

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).