**UNITED STATES of America, Appellee,**

v.

**Gerald W. McCOMBER, Appellant.**

**No. 92–3298.**

United States Court of Appeals, Eighth Circuit.

Submitted June 15, 1993.

Decided June 28, 1993.

Thomas M. Dawson, Leavenworth, KS, argued, for appellant.

Kenneth E. Weinfurt, Kansas City, MO, argued (Michael A. Jones, on the brief), for appellee.

Before WOLLMAN and LOKEN, Circuit Judges, and BOGUE,* Senior District Judge.

PER CURIAM.

Gerald W. McComber pleaded guilty to fraud and forgery charges. Adopting the recommendations in McComber's presentence report, the district court [1] assigned him fourteen criminal history points for five prior California state court sentences. McComber appeals his sixty-three-month sentence, argu-

---

* The HONORABLE ANDREW W. BOGUE, Senior United States District Judge for the District of South Dakota, sitting by designation.

1. The HONORABLE ELMO B. HUNTER, Senior United States District Judge for the Western District of Missouri.

ing that he should have been placed in criminal history category II, instead of category VI, because these California sentences must be treated as one sentence under U.S.S.G. § 4A1.2(a)(2). We affirm.

 Section 4A1.2(a)(2) provides that, "Prior sentences imposed in unrelated cases are to be counted separately. Prior sentences imposed in related cases are to be treated as one sentence for purposes of [the criminal history calculation]." McComber relies upon Application Note 3 to § 4A1.2, which states that prior sentences are related if they resulted from offenses that were "consolidated for trial or sentencing." Construing Note 3, we have previously held that sentences are not related for purposes of § 4A1.2(a)(2) if the cases proceeded to sentencing under separate docket numbers, and there was no formal order of consolidation. *See United States v. Lewchuck,* 958 F.2d 246 (8th Cir.1992), and *United States v. Watson,* 952 F.2d 982, 990 (8th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1694, 118 L.Ed.2d 406 (1992), following *United States v. Metcalf,* 898 F.2d 43, 44–46 (5th Cir.1990).[2]

In this case, McComber's five California sentences were imposed at a single March 17, 1992, sentencing proceeding. However, the sentences resulted from different offenses committed over a lengthy period of time. They were imposed on the same day because sentencing for some of the offenses had been postponed to allow restitution, while sentencing for others followed the revocation of probation. Most of the final sentences were made concurrent, but the cases remained under separate docket numbers and no order of consolidation was entered. In these circumstances, under *Lewchuk* and *Watson,* the district court did not err in treating these sentences as unrelated for purposes of § 4A1.2(a)(2). *See also United States v. Lopez,* 961 F.2d 384, 386–87 (2d Cir.1992) ("imposition of concurrent sentences at the same time by the same judge does not establish that the cases were 'consolidated for sentencing'").

2. McComber argues that the district court erred by using the November 1, 1991, amendment to Application Note 3 to calculate the sentence for this prior offense. However, the 1991 amendment is consistent with our interpretation of the

 McComber also argues that the district court erred in failing to rule on his motion for a downward departure under U.S.S.G. § 4A1.3. After careful review of the sentencing record, we conclude that the district court knew it had authority to depart below the sentencing range, but chose not to do so and imposed a sentence at the low end of the range. The court did not abuse its discretion in denying McComber's request for this departure. *See United States v. Carlin,* 983 F.2d 106 (8th Cir.1992).

The judgment of the district court is affirmed.

prior application note in *Watson* and *Lewchuck. See also United States v. Villarreal,* 960 F.2d 117, 120 n. 4 (10th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 166, 121 L.Ed.2d 114 (1992).