UNITED STATES of America,
Plaintiff–Appellee,

v.

Kerry Michael KLEIN, Defendant–
Appellant.

No. 92–3538.

United States Court of Appeals,
Eighth Circuit.

Submitted June 18, 1993.

Decided Jan. 7, 1994.

Rehearing and Suggestion for
Rehearing En Banc Denied
March 1, 1994.

Howard A. Shalowitz, St. Louis, MO, argued, for defendant-appellant.

Larry Howard Ferrell, Asst. U.S. Atty., Cape Girardeau, MO, argued, for plaintiff-appellee.

Before WOLLMAN and LOKEN, Circuit Judges, and HUNTER,[*] Senior District Judge.

LOKEN, Circuit Judge.

A jury convicted Kerry Michael Klein of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), and the district court[1] sentenced him to 264 months in prison. Klein appeals his conviction and sentence, raising numerous issues. We affirm.

## I. Sufficiency of the Evidence.

After a morning of heavy drinking, Klein accidentally shot Kenneth Calvert in the hand with a .25 caliber handgun. Klein then drove Calvert to a local hospital for treatment. When police officers Ross Daniel and Rick Walker arrived to investigate the shooting, hospital staff told them that the victim was brought to the hospital by a "very intoxi-

cated" man who then drove away in a red, four-door Dodge with a license plate number registered to Klein. Kenneth Calvert told Officer Daniel that Klein accidentally shot Calvert while the two were intoxicated and then drove him to the hospital.

Meanwhile, Klein had returned to the hospital and was sitting in the waiting area. When Officers Daniel and Walker approached, Klein headed for the exit. Officer Daniel caught up with Klein in the hospital parking lot. Klein could not produce identification but told Officer Daniel his name. Daniel asked how Klein had gotten to the hospital; Klein answered that he had driven himself. The officers then arrested Klein for shooting Calvert and for driving while intoxicated. They searched Klein for weapons and found a loaded .25 caliber handgun in his rear pocket.

■ Klein argues that this evidence was insufficient to convict him of violating 18 U.S.C. § 922(g)(1) because he was intoxicated and could not form the *mens rea* necessary to knowingly possess the handgun, and because the government did not test the gun for fingerprints or otherwise show that he had held it. Both contentions are without merit.

■ Being a felon in possession of a firearm is a general intent crime. "Voluntary intoxication is a defense to a crime requiring proof of specific intent, but not to a crime requiring only proof of general intent." *United States v. Oakie,* 12 F.3d 1436, 1442–43 (8th Cir.1993). Thus, Klein's intoxication was no defense. *See United States v. Bennett,* 975 F.2d 305, 308 (6th Cir.1992); *United States v. Williams,* 892 F.2d 296, 303 (3d Cir.1989), *cert. denied,* 496 U.S. 939, 110 S.Ct. 3221, 110 L.Ed.2d 668 (1990). Calvert's testimony that Klein accidentally shot him, coupled with subsequent discovery of the handgun in Klein's pocket, is more than sufficient evidence that Klein knowingly exercised control or dominion over the gun. *See*

---

[*] The HONORABLE ELMO B. HUNTER, Senior United States District Judge for the Western District of Missouri, sitting by designation.

1. The HONORABLE STEPHEN N. LIMBAUGH, United States District Judge for the Eastern District of Missouri.

*United States v. Williams,* 941 F.2d 682, 683 (8th Cir.1991).

## II. A Suppression Issue.

Klein argues that the district court erred in denying his motion to suppress the handgun because he was questioned in a "custodial setting" without *Miranda* warnings, and his arrest and the subsequent weapons search were predicated on his damaging admission that he had driven himself to the hospital. We disagree.

█ *Miranda* warnings are not required for "[g]eneral on-the-scene questioning as to facts surrounding a crime," which does not present "the compelling atmosphere inherent in the process of in-custody interrogation." *Miranda v. Arizona,* 384 U.S. 436, 477–78, 86 S.Ct. 1602, 1629–30, 16 L.Ed.2d 694 (1966). In *Berkemer v. McCarty,* 468 U.S. 420, 437–39, 104 S.Ct. 3138, 3148–50, 82 L.Ed.2d 317 (1984), the Supreme Court held that police need not provide *Miranda* warnings before roadside questioning pursuant to a routine traffic stop because such questioning does not constitute "custodial interrogation."

█ Following a hearing, the district court found that Klein was not questioned in a custodial setting because Officer Daniel's brief questioning in the hospital parking lot was similar to the routine traffic stop at issue in *Berkemer.* We review this finding under the clearly erroneous standard. *See United States v. Brown,* 990 F.2d 397, 399 (8th Cir. 1993). Klein puts great emphasis on Officer Daniel's testimony that Klein was not free to leave and that the questioning was designed to build a case for a DWI conviction. However, "the only relevant inquiry is how a reasonable man in the suspect's position would have understood his situation." *Berkemer,* 468 U.S. at 442, 104 S.Ct. at 3151 (footnote omitted). Klein told the officers that he did not wish to talk and was leaving, strongly indicating that Klein did not view the encounter as "a 'formal arrest or restraint on freedom of movement' of the degree associated with a formal arrest." *California v. Beheler,* 463 U.S. 1121, 1125, 103 S.Ct. 3517, 3520, 77 L.Ed.2d 1275 (1983).

From a public safety standpoint, Officer Daniel acted properly in stopping Klein and briefly questioning him to determine whether he was about to drive away from the hospital in an intoxicated condition. The officers concluded that Klein was intoxicated, had driven himself to the hospital, had his car keys in his hand, and was about to leave. At this point, the officers had probable cause—indeed, a public duty—to arrest Klein for driving while intoxicated. The .25 caliber handgun was then properly seized during a search incident to his arrest. *See Chimel v. California,* 395 U.S. 752, 762–63, 89 S.Ct. 2034, 2039–40, 23 L.Ed.2d 685 (1969). In these circumstances, we conclude that the district court's finding of non-custodial questioning is not clearly erroneous. *See United States v. Wright,* 971 F.2d 176 (8th Cir.1992).[2]

## III. A Rule 404(b) Issue.

█ Klein argues that the district court erred in permitting Calvert to testify about the shooting and Klein's possession of the handgun prior to his arrest. Klein made an unsuccessful motion in limine to exclude this testimony but did not object to it at trial. Therefore, we review this evidentiary issue only for plain error. *See United States v. Kandiel,* 865 F.2d 967, 972 (8th Cir.1989).

Klein characterizes Calvert's testimony as prior bad acts evidence under Fed.R.Evid. 404(b). However, this testimony was probative of the crime charged, because it tended to prove that Klein knowingly possessed the handgun, and it provided a context for Klein's arrest in the hospital parking lot. Such evidence "is not extrinsic and Rule 404(b) is not implicated." *United States v. DeLuna,* 763 F.2d 897, 913 (8th Cir.), *cert. denied,* 474 U.S. 980, 106 S.Ct. 382, 88 L.Ed.2d 336 (1985). In addition, because this testimony was highly probative of Klein's knowing possession of the handgun, its probative value was not substantially outweighed by its prejudicial nature for purposes of Fed.R.Evid. 403. *See United States v. Bass,* 794 F.2d 1305, 1313 (8th Cir.), *cert. denied,* 479 U.S. 869, 107 S.Ct. 233, 93

---

**2.** Klein's further assertion that his incriminating admission should be suppressed as involuntary because he was severely intoxicated is without merit. *See Colorado v. Connelly,* 479 U.S. 157, 167, 107 S.Ct. 515, 522, 93 L.Ed.2d 473 (1986) (statement must be the result of police coercion to be considered "involuntary").

L.Ed.2d 159. (1986). Thus, there was no plain error in admitting Calvert's testimony. *See United States v. Tate,* 821 F.2d 1328, 1331–32 (8th Cir.1987), *cert. denied,* 484 U.S. 1011, 108 S.Ct. 712, 98 L.Ed.2d 662 (1988).

## IV.   Sentencing Issues.

■   Klein argues that the district court erred in calculating his criminal history category because it assessed three criminal history points for each of three prior burglary sentences. Klein pleaded guilty to three St. Louis County burglary charges on December 18, 1980, and received concurrent sentences on all three charges. Klein argues that these sentences were "consolidated for sentencing" within the meaning of Application Note 3 to U.S.S.G. § 4A1.2. He did not raise this issue in the district court and therefore must "demonstrate that the district court committed plain error resulting in a miscarriage of justice." *United States v. Carnes,* 945 F.2d 1013, 1014 (8th Cir.1991).

The Guidelines assess criminal history points for "each prior sentence." U.S.S.G. § 4A1.1. "Prior sentences imposed in related cases are to be treated as one sentence...." § 4A1.2(a)(2). Sentences are considered related if they "were consolidated for trial or sentencing." § 4A1.2, comment. (n. 3). However, two or more sentences imposed at the same time "are not related for purposes of § 4A1.2(a)(2) if the cases proceeded to sentencing under separate docket numbers, and there was no formal order of consolidation." *United States v. McComber,* 996 F.2d 946, 947 (8th Cir.1993). Here, the state court records reflect that each burglary charge had a separate docket number, the charges involved burglaries of three different premises on three different days in 1980, and there was no order consolidating the three cases. In these circumstances, the district court did not err in treating the three prior sentences as unrelated for purposes of § 4A1.2(a)(2).[3]

## V.   Defense Counsel Issues.

■   The day before trial, Klein submitted a *pro se* letter motion complaining that his court appointed counsel should be removed because "[s]he knows little of my case and certainly would not be able to adequately represent me in trial." After permitting Klein to argue the issue orally before the start of trial, the district court denied the motion. On appeal, Klein argues that the district court erred in denying this motion, and that his Sixth Amendment right to effective assistance of counsel was violated by his attorney's subsequent failure to subpoena his brother and wife to testify that Klein innocently or justifiably possessed the handgun; to ask prospective jurors if they were "anti-guns"; to call Klein to testify in his own defense; and to object to portions of the presentence report.

■   Last-minute requests to substitute defense counsel are not favored. To warrant such relief, a defendant must show "a conflict of interest, an irreconcilable conflict, or a complete breakdown in communication between the attorney and the defendant." *United States v. Swinney,* 970 F.2d 494, 499 (8th Cir.1992). Klein's eve-of-trial dissatisfaction with his appointed counsel fell far short of meeting this standard. Accordingly, the district court did not abuse its discretion in denying his motion to remove counsel. Klein's argument that he received ineffective assistance of counsel at trial may not be raised on direct appeal—"[w]e will not consider an ineffective assistance claim not first presented to the district court and on which a proper record has not been made." *United States v. Duke,* 940 F.2d 1113, 1120 (8th Cir.1991).

We have carefully considered the other arguments made by Klein on appeal and find them without merit. His motion for leave to supplement the record on appeal is granted. The judgment of the district court is affirmed.

---

3.   Klein's additional argument that his three DWI sentences were for minor offenses that should not be counted under § 4A1.2(c) is frivolous. "Convictions for driving while intoxicated ... are counted." § 4A1.2, comment (n. 5). *See United States v. Fuller,* 942 F.2d 454, 458 (8th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 315, 116 L.Ed.2d 257 (1991).