48 F.3d 1225
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
Robert L. CROSE, Appellant.
 No. 94-1842.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Feb. 14, 1995.
Filed: Feb. 17, 1995.
 
 Before MCMILLIAN, Circuit Judge; HEANEY, Senior Circuit Judge; and MORRIS SHEPPARD ARNOLD, Circuit Judge.
 PER CURIAM.
 
 
 1
 On November 19, 1993, Robert L. Crose pleaded guilty, pursuant to a written plea agreement, to aiding and abetting the manufacture of methamphetamine. The district court accepted the plea and ordered a presentence investigation report. On April 1, 1994, Crose appeared before the district court for sentencing and moved to withdraw his guilty plea. The district court denied his motion and proceeded to sentence Crose to eighty-four months imprisonment to be followed by a five-year period of supervised release.
 
 
 2
 On appeal Crose raises two issues: (1) whether the district court erred in calculating his criminal history category by assessing separate criminal history category points for prior state sentences, and (2) whether the district court erred in calculating his base offense level on the assumption that the methamphetamine referred to in these documents was in fact D-methamphetamine rather than L-methamphetamine. We affirm.
 
 I. BACKGROUND
 
 3
 At the outset, we note that neither issue was raised in the district court and both are raised for the first time on appeal. Thus, for Crose to prevail on either issue, he must establish that the district court committed plain error resulting in a miscarriage of justice. United States v. Klein, 13 F.3d 1182, 1185 (8th Cir. 1994); United States v. Wajda, 1 F.3d 731, 733 (8th Cir. 1993).
 
 
 4
 A. Should Separate Criminal History Points Have Been Assessed?
 
 
 5
 We find no plain error with respect to this claim. Section 4A1.2(a)(2) of the Federal Sentencing Guidelines states that prior sentences imposed in unrelated cases are to be counted separately. Application note 3 to this section states: "Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest." The record reveals that Crose was arrested for possession of methamphetamine on November 8, 1985; that he thereafter committed the offense of robbery on November 26, 1985; and that he failed to appear for a scheduled probation violation hearing at a subsequent date. Moreover, it is the law in this circuit that two or more sentences imposed at the same time " 'are not related for purposes of Section 4A1.2(a)(2) if the cases proceeded to sentencing under separate docket numbers, and there was no formal order of consolidation.' " Klein, 13 F.3d at 1185 (quoting United States v. McComber, 996 F.2d 946, 947 (8th Cir. 1993)).
 
 
 6
 It is true, as Crose states, that he was sentenced at a single hearing in front of the same state court judge for each of the three offenses listed above, but no formal consolidation order was entered by the state court. Thus, our opinions in Klein and McComber control. It is equally true that the Ninth Circuit has a contrary rule, but we are bound by the law of this circuit. See United States v. Hummasti, 986 F.2d 337, 339 (9th Cir. 1993); United States v. Chapnick, 963 F.2d 224, 228-29 (9th Cir. 1992).
 
 
 7
 B. Did the District Court Err in Calculating the Base Offense
 
 
 8
 Level?
 
 
 9
 We find no merit to Crose's assertion of error on this point. The written plea agreement signed by Crose and filed with the district court stipulated to the base offense level in the following manner:
 
 
 10
 Section 2D1.1 of the Guidelines is the most applicable to the statute of conviction, yielding a Base Offense Level of 26, based upon more than 100 grams but less than 400 grams of methamphetamine. The parties stipulate and agree, excluding information subject to U.S.S.G. Sec. 1B1.8, that amount of controlled substance is the amount "readily provable" to establish "relevant conduct" under 1B1.3.
 
 
 11
 Appellee's Add. at 3. Thus, the plea agreement clearly contemplated D-methamphetamine by stipulating to a base offense level of 26. Having consented to this sentencing provision in the plea agreement, Crose waived his right to challenge it on appeal. United States v. Wommack, 985 F.2d 395, 400 (8th Cir. 1993); United States v. Durham, 963 F.2d 185, 187 (8th Cir. 1992).
 
 II. CONCLUSION
 
 12
 For the foregoing reasons, the judgment of the district court is affirmed.