_____

No. 95-2062
_____

United States of America,                *
                                          *
          Appellee,                       *
                                          *  Appeal from the United States
     v.                                   *  District Court for the
                                          *  Eastern District of Missouri.
Kevin Lee Rowett,                         *
                                          *        [UNPUBLISHED]
          Appellant.                      *


_____

          Submitted:  January 5, 1996

             Filed:  January 16, 1996
_____

Before FAGG, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

PER CURIAM.


     Kevin Lee Rowett appeals the 240-month sentence imposed by the
district court[1] following his guilty plea to two counts of
distributing cocaine base and three counts of distributing cocaine
powder, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.


     Rowett argues first that, in calculating his criminal history
category, the district court erred in finding that neither of two
pairs of prior concurrent sentences,[2] were "related cases" under

_____

     [1]The Honorable Stephen N. Limbaugh, United States District
Judge for the Eastern District of Missouri.

     [2]Of the first pair of sentences, one was for Rowett's March 2,
1989 arrest for possession of a controlled substance, and the
second was for his March 29, 1989 arrest for stealing an automobile
and removing/defacing the manufacturer's serial number.  Of the

U.S.S.G. § 4A1.2(a)(2). It is well-settled in this circuit that "two or more sentences imposed at the same time `are not related for purposes of § 4A1.2(a)(2) if the cases proceeded to sentencing under separate docket numbers and there was no formal order of consolidation.'" United States v. Klein, 13 F.3d 1182, 1185 (8th Cir.) (quoting United States v. McComber, 996 F.2d 946, 947 (8th Cir. 1993) (per curiam)), cert. denied, 114 S. Ct. 2722 (1994). Rowett has not shown either pair of cases proceeded to sentencing under the same docket number or that either pair was formally consolidated.

Rowett argues next that the district court erred by assessing one criminal history point for committing the instant offense less than two years after release from imprisonment. Section 4A1.1(e) states that one point should be added if "the defendant committed the instant offense less than two years after release from imprisonment." Application Note 5 for section 4A1.1 states this assessment can be based on a defendant's relevant conduct. Because Rowett's PSR indicated that he was paroled on January 21, 1991, for the 1989 drug and theft offenses and that his relevant conduct for the instant offense included distributing cocaine in 1991, we conclude the district court properly assessed one point under section 4A1.2(e).

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

second pair of sentences, one was for his July 6, 1992 arrest for driving with a suspended license, and the second was for his August 31, 1992 arrest for driving with a revoked license.