74 F.3d 1244
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Kevin Lee ROWETT, Appellant.
 No. 95-2062.
 United States Court of Appeals, Eighth Circuit.
 Submitted Jan. 5, 1996.
Filed Jan. 16, 1996.
 
 Before FAGG, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Kevin Lee Rowett appeals the 240-month sentence imposed by the district court[1] following his guilty plea to two counts of distributing cocaine base and three counts of distributing cocaine powder, in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2.
 
 
 2
 Rowett argues first that, in calculating his criminal history category, the district court erred in finding that neither of two pairs of prior concurrent sentences,[2] were "related cases" under U.S.S.G. Sec. 4A1.2(a)(2). It is well-settled in this circuit that "two or more sentences imposed at the same time 'are not related for purposes of Sec. 4A1.2(a)(2) if the cases proceeded to sentencing under separate docket numbers and there was no formal order of consolidation.' " United States v. Klein, 13 F.3d 1182, 1185 (8th Cir.) (quoting United States v. McComber, 996 F.2d 946, 947 (8th Cir.1993) (per curiam)), cert. denied, 114 S.Ct. 2722 (1994). Rowett has not shown either pair of cases proceeded to sentencing under the same docket number or that either pair was formally consolidated.
 
 
 3
 Rowett argues next that the district court erred by assessing one criminal history point for committing the instant offense less than two years after release from imprisonment. Section 4A1.1(e) states that one point should be added if "the defendant committed the instant offense less than two years after release from imprisonment." Application Note 5 for section 4A1.1 states this assessment can be based on a defendant's relevant conduct. Because Rowett's PSR indicated that he was paroled on January 21, 1991, for the 1989 drug and theft offenses and that his relevant conduct for the instant offense included distributing cocaine in 1991, we conclude the district court properly assessed one point under section 4A1.2(e).
 
 
 4
 The judgment is affirmed.
 
 
 
 [1]
 The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri
 
 
 [2]
 Of the first pair of sentences, one was for Rowett's March 2, 1989 arrest for possession of a controlled substance, and the second was for his March 29, 1989 arrest for stealing an automobile and removing/defacing the manufacturer's serial number. Of the second pair of sentences, one was for his July 6, 1992 arrest for driving with a suspended license, and the second was for his August 31, 1992 arrest for driving with a revoked license