_____

No. 95-2730EM

_____

United States of America,     *
                              *
            Appellee,      *    Appeal from the United States
                              *    District Court for the Eastern
    v.                      *    District of Missouri.
                              *
Richard L. Neal,          *    [UNPUBLISHED]
                              *
            Appellant.     *

_____

Submitted:  March 6, 1996

Filed:  March 11, 1996

_____

Before FAGG, BOWMAN, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Richard L. Neal challenges the career-offender sentence imposed by the district court after he pleaded guilty to possessing at least 100 kilograms of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1).  We affirm.

In determining Neal's criminal history category, the presentence report assigned a total of twelve criminal history points for four Indiana state law convictions, for which Neal received concurrent sentences.  Neal objected to the presentence report because the offenses were "consolidated by a plea agreement for sentencing," were not separated by an intervening arrest, and were thus "related" within the meaning of U.S.S.G. § 4A1.2, comment. (n.3).  Neal contended he should have been assessed a total of six criminal history points for these offenses.

At sentencing, Neal testified he entered into one plea

agreement that encompassed all of the Indiana offenses. Neal stated he did not know why he was sentenced by two different judges. The government maintained the offenses were not consolidated for sentencing because there were two different sentencing proceedings in front of different judges. The district court overruled Neal's objection, and sentenced him to 188 months imprisonment and four years supervised release. For reversal, Neal argues the plea agreement was "tantamount to an order of consolidation," and the district court thus miscalculated his criminal history. We disagree.

The Sentencing Guidelines provide: "Prior sentences imposed in unrelated cases are to be counted separately," while "[p]rior sentences imposed in related cases are to be treated as one sentence." U.S.S.G. § 4A1.2(a)(2). As relevant here, earlier sentences are related "if they resulted from offenses that . . . were consolidated for trial or sentencing." U.S.S.G. § 4A1.2, comment. (n.3). We review de novo the district court's "decision regarding the legal interpretation of section 4A1.2(a)(2)," United States v. Watson, 952 F.2d 982, 990 (8th Cir. 1991), cert. denied, 503 U.S. 994 (1992), and review for clear error the district court's "determinations with respect to the offenses in a criminal history computation," United states v. Lowe, 930 F.2d 645, 646-47 (8th Cir. 1991).

It is well-settled in this circuit that "two or more sentences imposed at the same time 'are not related for purposes of U.S.S.G. § 4A1.2(a)(2) if the cases proceeded to sentencing under separate docket numbers and there was no formal order of consolidation.'" United States v. Klein, 13 F.3d 1182, 1185 (8th Cir.) (quoting United States v. McComber, 996 F.2d 946, 947 (8th Cir. 1993) (per curiam)), cert. denied, 114 S. Ct. 2722 (1994); accord United States v. Lewchuk, 958 F.2d 246, 247 (8th Cir. 1992).

Here, the record does not include copies of the judgments

entered for Neal's Indiana convictions. Although the caption of the plea agreement bears one docket number, the number is the same docket number assigned to another of Neal's offenses for which he received a one-year sentence to run concurrently with the other sentences at issue here, and the plea agreement references each individual offense by its assigned docket number. As in <u>Klein</u>, <u>McComber</u>, and <u>Lewchuk</u>, Neal's earlier concurrent sentences were the result of different offenses committed at different times and in different places, and were imposed on different days. Neal does not assert a formal order of consolidation was entered. We thus conclude the district court properly treated Neal's earlier sentences as unrelated for purposes of section 4A1.2(a)(2).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.