_____

No. 96-1920

_____

United States of America,                  *
                                            *
            Appellee,                       *
                                            *   Appeal from the United States
       v.                                   *   District Court for the Eastern
                                            *   District of Missouri.
Terrance Eugene Bell,                       *
                                            *       **[UNPUBLISHED]**
            Appellant.                      *

_____

Submitted:  August 21, 1996

Filed:  August 26, 1996

_____

Before BOWMAN, MAGILL, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Terrance Eugene Bell challenges the 54-month sentence imposed by the district court[1] following his guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  We affirm.

We reject Bell's contention on appeal that the district court miscalculated his criminal history category by failing to treat two prior offenses as "related" under U.S.S.G. § 4A1.2(a)(2).  "[P]rior sentences are considered related if they resulted from offenses that (1) occurred on the same occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing."  Section 4A1.2, comment. (n.3).

_____

[1]The HONORABLE EDWARD L. FILIPPINE, United States District Judge for the Eastern District of Missouri.

Bell argues that, as a practical matter, his offenses were consolidated for sentencing. It is well-settled in this circuit, however, that "two or more sentences imposed at the same time `are not related for purposes of U.S.S.G. § 4A1.2(a)(2) if the cases proceeded to sentencing under separate docket numbers, and there was no formal order of consolidation.'" United States v. Klein, 13 F.3d 1182, 1185 (8th Cir.) (quoting United States v. McComber, 996 F.2d 946, 947 (8th Cir. 1993) (per curiam)), cert. denied, 114 S. Ct. 2722 (1994); accord United States v. Lewchuck, 958 F.2d 246, 247 (8th Cir. 1992). To the extent Bell asks this panel to reconsider the above line of cases, one panel of this court may not overrule the opinion of another panel. See Campbell v. Purkett, 957 F.2d 535, 536 (8th Cir. 1992) (per curiam).

Bell also argues that the offenses were part of a common scheme or plan. We conclude the district court did not clearly err in finding otherwise, as the offenses at issue occurred two weeks apart and involved different victims. Cf. United States v. Lowe, 930 F.2d 645, 646-47 (8th Cir. 1991) (standard of review; noting similar crimes are not necessarily related crimes and upholding unrelatedness determination because offenses occurred at different times, involved different victims, had been committed in different locales, and had not been consolidated).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.