96 F.3d 1450
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Valerie PARKER, Defendant-Appellant.
 No. 95-2576.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 29, 1996.
Decided Aug. 30, 1996.
 
 Before CUMMINGS, PELL and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Following a jury trial, Valerie Parker was convicted of two counts of fraud by access device (credit card fraud), see 18 U.S.C. § 1029(a)(2), and sentenced to 41 months of imprisonment and three years of supervised release. In addition, the court ordered her to pay $6,872.93 in restitution. Parker's attorney filed a motion to withdraw accompanied by a no-merit brief, see Anders v. California, 386 U.S. 738 (1967), arguing that any appeal would be frivolous.[1] We conclude that no non-frivolous issues exist, and we therefore dismiss Parker's appeal.
 
 
 2
 A criminal defendant is entitled to the assistance of counsel on direct appeal to this court unless an appeal would be "groundless in light of legal principles and decisions." United States v. Eggen, 984 F.2d 848, 850 (7th Cir.1993). We must appoint counsel if the record reveals that Parker can raise any "arguable" legal claims. Penson v. Ohio, 488 U.S. 75, 83 (1988). The Court of Appeals must examine the entire record rather than limit its inquiry to the points raised in the no-merit brief. Anders, 386 U.S. at 744.
 
 
 3
 Parker's counsel raises four issues that might potentially support an appeal: (1) the sufficiency of the evidence; (2) whether the court improperly denied a Batson motion; (3) whether the district court properly calculated Parker's criminal history score; and (4) whether Parker should have been held accountable at sentencing for $66,721 in fraudulent purchases. We agree that an appeal based on any of these issues would be frivolous.
 
 I. Sufficiency of the Evidence
 
 4
 A defendant is guilty of credit card fraud if she (1) knowingly, with the intent to defraud, (2) makes unauthorized use of a credit card (3) to obtain goods and services valued at over $1,000 within a one-year period, and (4) the defendant's conduct affected interstate commerce. See 18 U.S.C. § 1029(a)(2); United States v. Goodchild, 25 F.3d 55, 57 (1st Cir.1994). At trial, the government presented evidence (on each count) that Parker obtained credit cards in the names of other people and without authorization and used those cards to make purchases totalling over $1,000 within a one-year period. In addition, Parker's actions affected interstate commerce. She ordered merchandise from a Minnesota seller to be delivered to her home in Wisconsin. In addition, Parker used an out-of-state credit card, issued by the Bank of New York, which is sufficient to establish that her activities affected interstate commerce. See United States v. Bolton, 68 F.3d 396, 400 n. 3 (10th Cir.1995) (holding that the fact that "access devices in [d]efendant's possession had out-of-state addresses printed directly on them ... [is] sufficient to establish that [d]efendant's crime affected interstate commerce"), cert. denied, 116 S.Ct. 966 (1996). Thus, any argument that the evidence was insufficient to sustain Parker's convictions would be frivolous.
 
 II. Batson Motion
 
 5
 During the jury selection, the prosecutor used a peremptory challenge to remove one of the two African-Americans in the jury pool. Parker requested a hearing, pursuant to Batson v. Kentucky, 476 U.S. 79 (1986), to determine whether the prosecutor improperly exercised the peremptory challenge. At the Batson hearing, the prosecutor stated that he struck the juror because (1) the juror had a son who was in prison and (2) the juror was the sole proprietor of a barber shop and his business would suffer if he was forced to attend the trial.
 
 
 6
 To prove a Batson violation, the defendant must establish a prima facie case by showing that she "is a member of a cognizable racial group ... and that the prosecutor has exercised peremptory challenges to remove from the venire members of the defendant's race." Batson, 476 U.S. at 96. The defendant must also demonstrate that "these facts and any other relevant circumstances raise an inference that the prosecutor used [peremptory challenges] ... to exclude veniremen ... on account of their race." Id. Once the defendant raises an inference of discrimination, the prosecution must offer a neutral explanation for the exclusion of the juror(s). The prosecutor's explanation need not be "a reason that makes sense, but [merely] a reason that does not deny equal protection." Purkett v. Elem, 115 S.Ct. 1769, 1771 (1995).
 
 
 7
 Even assuming that the prosecutor's decision to strike one of the two African-American members of the jury pool raises an inference of discrimination, Parker does not have a non-frivolous argument that a Batson violation occurred. The district court accepted the prosecutor's explanation, and we review this factual determination for clear error only. See United States v. Mojica, 984 F.2d 1426, 1449 (7th Cir.), cert. denied, 508 U.S. 947 (1993). The prosecutor's explanation for why he exercised the peremptory challenge is plausible, and there is no evidence that would support an argument that the district court's decision is clearly erroneous. Thus, any appeal claiming a Batson violation would be frivolous.
 
 III. Criminal History
 
 8
 At her sentencing hearing, Parker argued that her three prior convictions in Lake County, Illinois should have been counted together (as related cases) rather than separately because they were functionally consolidated. See U.S.S.G. § 4A1.2(a)(2); United States v. Joseph, 50 F.3d 401, 404 (7th Cir.), cert. denied, 116 S.Ct. 139 (1995). An addendum to the presentence report, however, revealed that the three convictions were separated by intervening arrests. The sentencing guidelines state that prior sentences separated by intervening arrests do not qualify as related cases and thus must be counted separately. U.S.S.G. § 4A1.2, comment. (n. 3). Therefore, any argument that the district court erred in calculating Parker's criminal history score would be frivolous.
 
 IV. Relevant Conduct
 
 9
 Finally, the defense objected to the district court's decision to consider as relevant conduct a 24-page schedule (supported by 322 pages of documentation) detailing approximately 90 acts of credit card fraud committed by Parker. The district court held that the schedule could be considered because the uncharged acts were part of the same course of conduct as the charged conduct. To determine whether uncharged acts qualify as relevant conduct, the court must "consider the temporal, spatial, and logical relationship between the criminal acts." United States v. Caicedo, 937 F.2d 1227, 1236 (7th Cir.1991). If the acts are "discrete, identifiable units" rather than "the same course of conduct or [a] common scheme or plan," they do not qualify as relevant conduct. United States v. Sykes, 7 F.3d 1331, 1337 (7th Cir.1993). We review the district court's determination of relevant conduct deferentially. United States v. Taylor, 72 F.3d 533, 542 (7th Cir.1995).
 
 
 10
 After examining the documentation, the district court concluded that the acts of credit card fraud detailed in the schedule should be counted as relevant conduct. The court stated:
 
 
 11
 The court feels that Ms. Parker's course of conduct here was so broad and so far-reaching, and existed over a period of time where there were apparently minor interruptions as far as time is concerned, but for the common scheme the interruptions were not of any significant nature and were immediately picked up and carried on ...
 
 
 12
 VII Tr. at 42. There is no evidence indicating that the district court's decision was an abuse of discretion. Therefore, any argument that the schedule should not have been included as relevant conduct would be frivolous.
 
 
 13
 In conclusion, no non-frivolous issues exist on which Parker could base an appeal. Accordingly, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.
 
 
 
 [1]
 Pursuant to Circuit Rule 51(a), Parker was notified of the motion to withdraw. She has not filed a response