# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2932

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Nebraska. |
| | * | |
| Lorenzo Avendano-Ramirez, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:  December 12, 2000

Filed:  December 19, 2000

_____

Before LOKEN, HEANEY, and FAGG, Circuit Judges.

_____

PER CURIAM.

Lorenzo Avendano-Ramirez appeals his conviction for distribution of methamphetamine and the forfeiture of money as illegal drug proceeds.  Avendano-Ramirez first contends the district court abused its discretion in denying his verbal motion for substitute counsel immediately before the trial started.   The district court did not abuse its discretion in denying the motion, however, because Avendano-Ramirez failed to show any justifiable dissatisfaction with his retained attorney, such as a conflict of interest, an irreconcilable conflict, or a complete breakdown in communications.   See United States v. Smith, 62 F.3d 1073, 1077 (8th Cir. 1996);

United States v. Klein, 13 F.3d 1182, 1185 (8th Cir. 1994). Contrary to Avendano-Ramirez's complaint that his attorney "had not done anything for him," the attorney informed the district court he had met with Avendano-Ramirez several times, he was prepared to go to trial, and Avendano-Ramirez was merely dissatisfied with the attorney's assessment of the strength of the prosecution's case. After the district court refused to appoint substitute counsel, Avendano-Ramirez requested to proceed alone, and after a lengthy discussion, the district court allowed Avendano-Ramirez to represent himself with the retained attorney acting as standby counsel. Avendano-Ramirez now contends his waiver of his right to counsel was not knowing, voluntary, and intelligent. Having reviewed the particular facts and circumstances surrounding the case, we conclude the district court made Avendano-Ramirez aware of his right to counsel or to represent himself, and of the possible consequences if he decided to proceed without counsel's help. See United States v. Stewart, 20 F.3d 911, 917 (8th Cir. 1994). Next, Avendano-Ramirez asserts the district court should have recused itself before considering his motion for a new trial. A reasonable person would not question the district court's impartiality, so the district court did not abuse its discretion in denying the motion for recusal. See Bannister v. Delo, 100 F.3d 610, 614 (8th Cir. 1996). Last, Avendano-Ramirez contends he is entitled to a new trial based on Apprendi v. New Jersey, 120 S. Ct. 2348 (2000). Because Avendano-Ramirez's sentence was within the statutory range authorized by 18 U.S.C. § 841(b)(1)(C), the Apprendi rule does not apply. See United States v. Aguayo-Delgado, 220 F.3d 926, 934 (8th Cir. 2000), petition for cert. filed, No. 00-6746 (U.S. Oct. 16, 2000).

We thus affirm the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.