# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2165WA

_____

United States of America,            *
                                     *    On Appeal from the United
          Appellee,                  *    States District Court
                                     *    for the Western District
     v.                              *    of Arkansas.
                                     *
Quadir A. Hakeem,                    *    [Not To Be Published]
                                     *
          Appellant.                 *

_____

Submitted:  April 12, 2001
Filed:  April 19, 2001

_____

Before MORRIS SHEPPARD ARNOLD, RICHARD S. ARNOLD, and FAGG,
    Circuit Judges.

_____

PER CURIAM.

After a jury found Quadir A. Hakeem guilty of bank robbery in violation of 18 U.S.C. §§ 2113(a) & (d) and 2, the District Court[1] sentenced him to fourteen years and two months (170 months) in prison. Hakeem appeals, arguing that the Court erred in assigning criminal-history points to each of two prior Arkansas convictions for which he received concurrent sentences; he argues that the two were consolidated for

_____

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

sentencing and thus should have been treated as one sentence. Hakeem also has moved pro se to supplement his brief, arguing that the District Court erred in applying an enhancement under U.S.S.G. § 2B3.1(b)(5) (2-level increase in bank-robbery offense level if robbery involved carjacking), as the indictment did not charge him with carjacking. We grant Hakeem's motion, but because he presented neither of these arguments below, we review only for plain error. See United States v. Montanye, 996 F.2d 190, 192 (8th Cir. 1993) (en banc).

The Sentencing Guidelines provide that prior sentences imposed in unrelated cases are to be counted separately, while those imposed in related cases are to be treated as one sentence for purposes of calculating the defendant's criminal-history score; "related" cases include those that were consolidated for trial or sentencing. See U.S.S.G. § 4A1.2(a)(2) & comment. (n.3). Cases are not considered consolidated if they proceeded to sentencing under separate docket numbers with no consolidation order. See United States v. McComber, 996 F.2d 946, 947 (8th Cir. 1993) (per curiam). Hakeem has not asserted that his Arkansas cases were formally consolidated, and the presentence report reflects that they had separate docket numbers. See United States v. Klein, 13 F.3d 1182, 1185 (8th Cir.) (prior concurrent sentences were not related when cases had separate docket numbers, underlying offenses occurred on different dates, and there was no formal order of consolidation), cert. denied, 512 U.S. 1226 (1994). Therefore, the District Court did not plainly err in treating these cases as unrelated.

We likewise find no plain error in the enhancement's application, as it did not result in a sentence exceeding the 25-year maximum prison term authorized for the crime for which Hakeem was indicted. See 18 U.S.C. § 2113(d); United States v. Aguayo-Delgado, 220 F.3d 926, 933 (8th Cir.) (judge-found fact permissibly may alter defendant's sentence within statutory range for offense simpliciter), cert. denied, 121 S. Ct. 600 (2000).

Accordingly, we affirm.

A true copy.

Attest:

      CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.