# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 03-3214

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff-Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of North Dakota. |
| Curtis L. Feather, | * | |
| | * | [PUBLISHED] |
| Defendant-Appellant. | * | |

———————

Submitted: May 14, 2004
Filed: June 9, 2004

———————

Before MURPHY, HEANEY, and MAGILL, Circuit Judges.

———————

PER CURIAM.

Curtis L. Feather pled guilty to forcibly opposing, resisting, and impeding a federal officer, in violation of 18 U.S.C. § 111; two counts of assault with a dangerous weapon, in violation of 18 U.S.C. §§ 113(a)(3) and 1153; and damaging government property, in violation of 18 U.S.C. § 1361. The district court[1] sentenced him to 180 months after finding that he was a career offender based on several prior

_____

[1]The Honorable Daniel L. Hovland, Chief Judge, United States District Court for the District of North Dakota.

convictions for crimes of violence. See U.S.S.G. § 4B1.1(a). Feather appeals the district court's finding that he was a career offender.

Feather had prior convictions for accomplice to burglary of a pawn shop in July 1994 and for burglaries of a Standard station and a senior citizens' center in August 1995. He claims that these state cases were consolidated for trial and sentencing and should therefore be treated as a single prior conviction. See U.S.S.G. § 4A1.2 cmt. n.3. Since he did not raise this claim in the district court, we review for plain error. United States v. Sun Bear, 307 F.3d 747, 750 (8th Cir. 2002).

Several factors support the district court's finding that Feather's prior felony convictions were unrelated and should be counted separately.[2] His crimes took place more than a year apart and involved separate businesses. See United States v. Deroo, 304 F.3d 824, 828 (8th Cir. 2002) (burglaries of three buildings with unrelated owners one hour apart were separate crimes of violence). The crimes were charged by separate complaints, proceeded to sentencing under separate docket numbers, and no formal order of consolidation was made. See United States v. Paden, 330 F.3d 1066, 1067 (8th Cir. 2003). We see no error in the district court's finding that Feather was a career offender. Feather's additional argument that burglary of a commercial

---

[2]Our court generally considers all relevant circumstances in determining whether cases should be treated as related. See, e.g., United States v. Klein, 13 F.3d 1182, 1185 (8th Cir. 1994) (prior burglaries unrelated where not consolidated for sentencing and where crimes took place on three different days and on different premises); United States v. McComber, 996 F.2d 946, 947 (8th Cir. 1993) (prior crimes unrelated where not consolidated for sentencing and where sentences were for different offenses committed over long period of time). See also United States v. Joseph, 50 F.3d 401, 403-04 (7th Cir. 1995) (crimes unrelated where they were committed months apart "making it unlikely that they would be 'consolidated' for sentencing, though there might be a single sentencing hearing for the sake of administrative convenience . . .").

building is not a crime of violence is without merit.  See United States v. Hutman, 339 F.3d 773, 777 (8th Cir. 2003).

Accordingly, the judgment of the district court is affirmed.

HEANEY, Circuit Judge, concurring.

I concur in the majority's opinion because under our circuit precedent, Curtis L. Feather cannot show that his prior convictions were related for purposes of the Sentencing Guidelines.  I write separately, however, because I believe that we have taken too narrow a view of what type of cases qualify for treatment as a single conviction for sentencing purposes.

As relevant to this appeal, a defendant is deemed a career offender if the instant offense involves a crime of violence and he has at least two prior felony convictions for crimes of violence.  USSG § 4B1.1(a).  The two predicate felony convictions must be separate; that is, they cannot be "related."  USSG §§ 4B1.2(c), 4A1.2(a)(2).  The Guidelines define related cases to include those which "were consolidated for trial or sentencing."  USSG § 4A1.2, comment. (n.3).

The Guidelines do not further clarify what criteria courts should use to decide whether cases have been consolidated.  This circuit, however, has taken the view that cases are not consolidated "'if the cases proceeded to sentencing under separate docket numbers, and there was no formal order of consolidation.'"  United States v. Klein, 13 F.3d 1182, 1185 (8th Cir. 1994) (quoting United States v. McComber, 996 F.2d 946, 947 (8th Cir. 1993)).  Other courts, most notably the Seventh Circuit, have declined to adopt such a restrictive view of consolidation because it puts form over

substance. See generally United States v. Joseph, 50 F.3d 401, 403-04 (7th Cir. 1995); see also United States v. Hummasti, 986 F.2d 337, 339 (9th Cir. 1993) (recognizing that "cases may be consolidated for sentencing within the meaning of Application Note 3 to U.S.S.G. § 4A1.2, even though no formal consolidation order was entered"). In Joseph, Chief Judge Posner offered a hypothetical example which elucidated the problem with a formal consolidation requirement:

> Consider the following two pairs of cases. In both pairs a defendant is given concurrent sentences of three years on the same day for crimes $X$ and $Y$ committed six months apart, but in one pair there is a formal order consolidating the cases and in the other there is not. On the government's view, in computing the criminal history of the first defendant the district judge is to count one sentence of three years but in computing the criminal history of the second defendant he is to count two sentences each of three years. This can make a big difference in the length of the defendant's federal sentence. Is this a senseless difference?

Id. at 403. In my view, the answer to Chief Judge Posner's question is clearly yes. Where cases are the same, save a formal order of consolidation, and the Guidelines do not require a formal order to be entered, it is senseless for our court to do so. A formal consolidation requirement creates a sentencing system in which defendants with similar criminal histories are nonetheless treated differently on account of arbitrary distinctions drawn by our court. A more just approach is that taken by the Seventh Circuit, in which all of the relevant circumstances, including the dates of the prior criminal proceedings, the similarity of the crimes, the attorneys, judges and venues involved, whether the defendant received similar sentences for the crimes, and whether the sentences were served concurrently, inform the district court's determination whether the cases were "functionally" consolidated and thus should be treated as one.

Feather's case is telling in this respect. He was found to be a career offender because his three prior convictions, all of which involved the burglary of commercial buildings, were not formally consolidated by a court order. Other indicia of "relatedness," however, indicates that the cases were functionally consolidated: 1) the three charges were filed on the same day; 2) the cases were venued in the same court; 3) although one charge was filed as a separate complaint from the other two, the three cases proceeded under docket numbers 5436A, 5436B, and 5436C; 4) Feather was represented by the same attorney for all three charges; 5) he pled guilty to all three charges on the same day; 6) he received precisely the same sentence for each charge, ordered to run concurrently with the others; and 7) his judgment and commitment papers for all three charges are on one document captioned with his three docket numbers, rather than three separate documents. In the absence of our court's use of formal consolidation orders as analytical linchpins, there is no question that Feather's cases–which appear to have been considered related by North Dakota–would be accorded such treatment by the district court as well.

Recently, the Supreme Court considered a case which involved the Seventh Circuit's functional consolidation analysis. See Buford v. United States, 532 U.S. 59, 61 (2001). The question presented to the Court concerned the standard of appellate review of the district court's determination of whether a defendant's prior cases were consolidated. Id. at 64. In deciding that a deferential standard of review should apply, the court recognized the superior position of district courts in determining whether prior cases were related:

> [T]he district court is in a better position than the appellate court to decide whether a particular set of individual circumstances demonstrates "functional consolidation."

That is so because a district judge sees many more "consolidations" than does an appellate judge. As a trial judge, a district judge is likely to be more familiar with trial and sentencing practices in general, including consolidation procedures. And as a sentencing judge who must regularly review and classify defendants' criminal histories, a district judge is more likely to be aware of which procedures the relevant state or federal courts typically follow. Experience with trials, sentencing, and consolidations will help that judge draw the proper inferences from the procedural descriptions provided.

Id. at 64-65.

I agree with the Supreme Court that district judges are better suited than appellate courts to decide whether past cases have been consolidated. Thus, I do not believe our court should limit district courts by mandating proof of formal orders of consolidation before permitting them to consider whether a defendant's past cases are related. See United States v. Paden, 330 F.3d 1066, 1068 (8th Cir. 2003) (reading Buford as "only establish[ing] a deferential standard for reviewing district court consolidation decisions"). Buford approved the use of a functional consolidation framework, which allows district courts to consider the totality of the circumstances surrounding a defendant's criminal history, rather than placing dispositive emphasis on whether a formal order had been entered. The difference is crucial to defendants such as Feather, who face much longer sentences simply because we adhere to a rigid approach on the consolidation question. Requiring a formal consolidation order as a prerequisite to finding prior cases related effectively takes the issue away from the district court. To my mind, this is inconsistent with the Supreme Court's teaching that the district court is in the best position to decide whether past cases are related. I suggest that our court reconsider its approach to this issue, and allow district courts to decide whether a defendant's prior cases have been functionally consolidated under a totality of the circumstances approach similar to that used by the Seventh Circuit.

_____