# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 05-2371

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| Kenneth Archambeau, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

———————

Submitted: March 15, 2006
Filed: June 7, 2006

———————

Before COLLOTON, HEANEY, and GRUENDER, Circuit Judges.

———————

PER CURIAM.

Following a jury trial, Kenneth Archambeau was convicted of one count of unlawful possession of a firearm as a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Archambeau appeals, and we affirm the district court.[1]

According to evidence presented at trial, on July 22, 2004, Archambeau, a convicted felon, and Leland Fallis visited Darrel Gregor at his house in Wagner, South

---

[1]The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota.

Dakota. Archambeau inquired whether Gregor would "take a couple of guns in hock." (T. Tr. at 103). Although Gregor is blind, he recognized Archambeau's voice. After asking whether the guns were "hot," to which Archambeau replied that he had not stolen them, Gregor agreed to pay $35, with the understanding that Archambeau would later repay the loan with $15 interest and regain possession of the guns. (T. Tr. at 105, 107, 117). Gregor asked Sherry Zephier, who lives with Gregor, to write out the serial numbers and makes of the guns, then told Archambeau to sign his name. (T. Tr. at 105, 108). Archambeau initially tried to get Fallis to the sign the document, then signed someone else's name, and finally signed his own name. (T. Tr. at 109). Archambeau, who had been drinking throughout the previous night and into the morning, left to buy beer. (T. Tr. at 64, 194). Shortly thereafter, Gregor learned that the guns had been stolen from Joey Kezena, called Kezena's father to tell him that he had the guns, and eventually returned the guns to Kezena, who contacted the police. (T. Tr. at 37, 39, 44, 110).

The jury found Archambeau guilty of unlawful possession of a firearm as a convicted felon, but acquitted him of knowingly possessing a stolen firearm. At sentencing, the court applied a two-level enhancement for possessing stolen firearms, *see* USSG § 2K2.1(b)(4), calculated an advisory guideline range of 84 to 105 months, (S. Tr. at 45), and then, based on the atypical nature of the case, applied a "*Booker* variance" to arrive at a sentence of 66 months' imprisonment. (S. Tr. at 58-59). The court found that "given the fact of how drunk he was, . . . he would have pawned anything in order to get more booze." (S. Tr. at 54).

On appeal, Archambeau argues that the evidence presented at trial was insufficient to prove that he possessed the guns. We view the evidence in the light most favorable to the jury's verdict, and reverse only if no reasonable jury could find the defendant guilty beyond a reasonable doubt. *United States v. Sheikh*, 367 F.3d 756, 763 (8th Cir. 2004).

The evidence supports a finding that Archambeau possessed the guns. Kezena testified that two guns were stolen from a locked closet in his bedroom on July 21, 2004. Zephier testified that on July 22, 2004, she saw Archambeau carrying something wrapped in a blanket, and he approached her to ask where he could "hock" some guns. (T. Tr. at 54, 57). Zephier, who was with Fallis, walked with Archambeau to Gregor's house. When they arrived, Zephier saw that the blanket covered two guns, which Archambeau put on the table and asked if Gregor would take in hock. (T. Tr. at 58-59). After Gregor agreed to take the guns, Zephier testified that Gregor had her write the serial numbers on a piece of paper, and she watched as Archambeau signed the paper. (T. Tr. at 60-62). She testified that Gregor took the piece of paper and gave Archambeau money. (T. Tr. at 63). Gregor also testified that Archambeau, whose voice he recognized, asked whether Gregor would put some guns in hock, and he agreed, but required Archambeau to sign a piece of paper listing the serial numbers of the guns. (T. Tr. at 103-04). Gregor stated that upon discovering the guns might have been stolen from Kezena, he called Kezena, who came to identify the guns. (T. Tr. at 110). Kezena testified that the guns were his. (T. Tr. at 39).

Archambeau argues on appeal that Gregor is not credible because he is blind, and that Zephier is not credible because she was intoxicated and has given contradictory accounts of the events. Credibility of witnesses, however, is a matter for the jury. *United States v. Mangine*, 302 F.3d 819, 823 (8th Cir. 2002). Archambeau had an opportunity to cross-examine the witnesses and argue these issues to the jury. Taking the evidence in the light most favorable to the verdict, a reasonable juror could infer that Archambeau possessed the stolen guns and exchanged them for money with Gregor.

Archambeau next argues that the district court improperly gave an instruction that encouraged the jury to focus on Archambeau's intoxication, rather than on the evidence, and improperly "played into the 'drunken Indian' stereotype." (Appellant's Supplemental Br. at 15-16). Since Archambeau did not object to the instructions at

-3-

trial, (T. Tr. at 155-56), we review for plain error. *United States v. Willis*, 277 F.3d 1026, 1031 (8th Cir. 2002). The trial court has broad discretion in formulating jury instructions, and a "defendant is not entitled to a particularly worded instruction where the instructions given adequately and correctly cover the substance of the requested instruction." *United States v. Johnson*, 278 F.3d 749, 751-52 (8th Cir. 2002) (internal quotation omitted). On appeal, we consider the instructions as a whole, and affirm if they "fairly and adequately submitted the issues to the jury." *Id.*

Intoxication is a defense to possessing stolen guns, a specific intent crime, *United States v. Iron Eyes*, 367 F.3d 781, 784-85 (8th Cir. 2004), but it is not a defense to unlawful possession of a firearm as a previously convicted felon, a general intent crime. *United States v. Klein*, 13 F.3d 1182, 1183 (8th Cir. 1994). The jury instructions given by the court stated:

> One of the issues in this case is whether Defendant was intoxicated at the time the acts charged in Count 2 of the Indictment were committed. Intoxication, however, is not a defense to Count 1 . . . . Evidence that Defendant acted while under the influence of alcohol may be considered by you, together with all the other evidence, in determining whether or not he did in fact know or have reasonable cause to believe that the firearms were stolen.

(Jury Instruction No. 21, R. at 63). Archambeau argues that this instruction should also have included language stating that the jury "cannot, however, convict the defendant simply because he was intoxicated. Although intoxication is not a defense to the crime charged in Count 1, neither is it a fact favoring conviction." (Appellant's Supplemental Br. at 16).

We find no error by the district court. The challenged instruction was a correct statement of the law. Unlike *United States v. Lavallie*, 666 F.2d 1217, 1219-20 (8th Cir. 1981), in which the court found a jury instruction on intoxication to be irrelevant

-4-

and prejudicial because the defendant had not raised intoxication as a defense and presented no evidence that he was intoxicated at the time of the offense, Archambeau requested an instruction on intoxication as a defense to possessing a stolen firearm and presented evidence in support of this defense. (Proposed Jury Instruction No. 6, R. Doc. No. 25, at 8; T. Tr. at 172-73, 194). It was proper for the court to clarify that intoxication was a defense to one charged offense and not to the other, and the instructions given fairly and adequately submitted Archambeau's theory of defense to the jury.

Archambeau also argues the district court's application of USSG § 2K2.1(b)(4) for possessing a stolen firearm was a violation of his Sixth Amendment rights, because the jury had acquitted him of knowingly possessing stolen firearms. We review the district court's factual findings for clear error and the application of the sentencing guidelines *de novo*. *United States v. Mashek,* 406 F.3d 1012, 1017 (8th Cir. 2005). Section 2K2.1(b)(4) provides for a two-level enhancement if "any firearm was stolen." The application notes state that the enhancement applies "whether or not the defendant knew or had reason to believe that the firearm was stolen," USSG § 2K2.1, comment. (n.16), and we have held repeatedly that application of the enhancement does not require that the defendant knew the firearm was stolen. *See United States v. Hernandez,* 972 F.2d 885, 888 (8th Cir. 1992). Accordingly, the jury's failure to find beyond a reasonable doubt that Archambeau knowingly possessed a stolen firearm did not preclude the sentencing judge from finding by a preponderance of the evidence that Archambeau possessed a stolen gun, with or without knowing that the firearm was stolen. And because the guidelines are now advisory, the Sixth Amendment does not prevent the district court from making factual findings for purposes of determining the advisory range. *United States v. Tabor*, 439 F.3d 826, 830 (8th Cir. 2006).

The judgment of the district court is affirmed.

_____