# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-1605

_____

United States of America

*Plaintiff - Appellee*

v.

Damon L. Collier

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: September 23, 2013
Filed: October 1, 2013
[Unpublished]

_____

Before RILEY, Chief Judge, BYE, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

A jury found Damon Collier guilty of being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1). On appeal, Collier argues the evidence presented was insufficient to prove that he knowingly possessed the firearm because he was intoxicated during the incident, which "negated his criminal intent." We

review a district court's[1] denial of a motion for judgment of acquittal *de novo. United States v. Perez*, 663 F.3d 387, 391 (8th Cir. 2011). We view the evidence in the light most favorable to the jury's verdict and reverse only if no reasonable jury could find the defendant guilty beyond a reasonable doubt. *United States v. Sheikh*, 367 F.3d 756, 763 (8th Cir. 2004). We affirm.

The evidence sufficiently supports the jury's finding that Collier knowingly possessed a firearm. Collier's longtime friend, Milton Hillmon, testified Collier threatened him while holding a gun and waving it in the air. The two officers, who responded to Hillmon's 911 call, testified they saw Collier holding a firearm in his hand. Both officers recorded the incident on their police radio microphones. In response to the officers' question about whether he had any additional firearms, Collier admitted he had just found the firearm. Collier did not dispute that he had a prior felony conviction or that the firearm had been transported in interstate commerce. Thus, this evidence is more than sufficient to support the jury's guilty verdict. *See, e.g.*, *United States v. Brooks*, 645 F.3d 971, 977-78 (8th Cir. 2011) (finding "more than sufficient evidence" to affirm the jury's verdict where an officer testified he saw the defendant carrying what he suspected to be a firearm and where the defendant admitted to the officers he had found the gun); *United States v. Robinson*, 756 F.2d 56, 58 (8th Cir. 1985) (finding sufficient evidence to affirm the jury's verdict based on testimony of officers that they noticed a pistol in the defendant's hand and on the corroborating statements of the defendant's sister).

Collier argues the evidence showed he was intoxicated during the incident, and therefore he could not knowingly possess the firearm. Collier does not claim he was involuntarily intoxicated. A § 922(g)(1) offense is a general intent crime to which voluntary intoxication is not a defense. *United States v. Klein*, 13 F.3d 1182, 1183

---

[1]The Honorable David Gregory Kays, United States District Judge for the Western District of Missouri.

(8th Cir. 1994); *see also United States v. Archambeau*, 179 F. App'x 403, 405 (8th Cir. 2006) ("[Intoxication] is not a defense to unlawful possession of a firearm as a previously convicted felon, a general intent crime."). Unsurprisingly, Collier cites no case to support his contention that his voluntary intoxication "negated his criminal intent" under § 922(g)(1). In *Klein*, the defendant similarly argued the evidence was insufficient to find him guilty of violating § 922(g)(1) "because he was intoxicated and could not form the *mens rea* necessary to knowingly possess the handgun." 13 F.3d at 1183. This court disagreed and affirmed the conviction. *Id.* Thus, Collier's voluntary intoxication could not negate his *mens rea*. Accordingly, we affirm Collier's conviction.

———————————————